[Cite as *Mun. Constr. Equip. Operators' Labor Council v. Cleveland*, 197 Ohio App.3d 1, 2011-Ohio-5834.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96673**

# MUNICIPAL CONSTRUCTION EQUIPMENT OPERATORS' LABOR COUNCIL,

APPELLANT,

v.

# CITY OF CLEVELAND,

APPELLEE.

# JUDGMENT:
# AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-739944

**BEFORE:** KILBANE, A.J., ROCCO, J., and E. GALLAGHER, J.

**RELEASED AND JOURNALIZED:** November 10, 2011

**ATTORNEYS:**

Climaco, Wilcox, Peca, Tarantino & Gar and Stewart D. Roll, for appellant.

Zashin & Rich Co., L.P.A., and Jon M. Dileno, for appellee.

MARY EILEEN KILBANE, Administrative Judge.

**{¶ 1}** Plaintiff-appellant, Municipal Construction Equipment Operators' Labor Council, appeals from the orders of the trial court that struck its motion to vacate and modify an arbitration award entered in favor of defendant-appellee, the city of Cleveland, confirmed that award, and denied the union's complaint for declaratory judgment. For the reasons set forth below, we affirm.

**{¶ 2}** In 2007, following an election conducted pursuant to R.C. 4117.07(C), the State Employment Relations Board ("SERB") certified the union as the exclusive representative of a bargaining unit composed of a group of employees in Cleveland's water and property-management divisions. *State ex rel. Cleveland v. Sutula*, 127 Ohio St.3d 131, 2010-Ohio-5039, 937 N.E.2d 88. The parties entered into a collective-bargaining agreement on February 5, 2007.

**{¶ 3}** Under the parties' collective-bargaining agreement ("CBA"), a four-step procedure is in place to deal with individual and group grievances.[1] The grievance must be reduced to writing within ten working days of the event, but it may be amended at any time prior to the start of Step 3 proceedings. If the grievance procedure has not resolved the parties' dispute, the parties may submit the matter to final and binding arbitration.

---

[1] A grievance is defined as "a dispute or difference between the city and employee(s) or the city and the union concerning the interpretation and/or application of and/or compliance with any provision(s) of this Contract, including any and all disciplinary actions."

{¶ 4} The undisputed facts indicate that on December 7, 2009, the city sent a letter to the union requesting various wage and benefit concessions in order to help balance the city's budget and avert layoffs. This was followed by a counterproposal to the union membership for ratification. The union rejected the counterproposal on December 22, 2009, and later that day, the city announced the layoff of five water-plant operators. The union's counsel then inquired whether the city would rescind the layoffs in exchange for other concessions proposed by the union.

{¶ 5} On December 23, 2009, the union filed a grievance, alleging that the layoffs were not due to lack of work or lack of funds. On January 4, 2010, prior to the completion of Step 1 of the grievance, the union voted to accept wage and benefit concessions and signed a memorandum of understanding that amended the collective-bargaining agreement.

{¶ 6} The city maintained that the union's grievance had become moot, but the union maintained that it had entered into the memorandum of understanding by duress in order to avoid the announced layoffs.

{¶ 7} The grievance proceeded to Step 2, then to Step 3, where the union repeated its position that the layoffs were not the result of lack of work or lack of funds and that the memorandum of understanding was obtained by duress. The city again denied the grievance.

{¶ 8} On April 16, 2010, the union demanded arbitration and sought reinstatement of the workers and restoration of all lost wages and benefits. The city maintained that the request for arbitration had become moot and that by adding the issue of duress, the union had materially altered the grievance. The issue of arbitrability was separated from the remaining issues, and,

after considering the parties' briefs and exhibits, the arbitrator issued an opinion finding that the matter was not arbitrable. The arbitrator wrote:

> [N]o layoffs occurred; the city rescinded the layoffs on January 8, 2010. Consequently, the union's grievance of the matter is moot, because the union seeks a judgment and remedy on a controversy that no longer exists. * * *
>
> The union argues that the original grievance was amended to include the issue of duress, which remains to be decided. Article 38, Paragraph 106 [of the collective bargaining agreement] allows the union to amend a grievance at any time up to the start of the Step 3 meeting and the union amended the grievance prior to the city's Step 3 response.
>
> The Arbitrator agrees that once the layoffs did not occur, the original grievance was moot. There was no longer a controversy regarding proposed layoffs. If the union believed that it had entered into the [memorandum of understanding] on January 4, 2010, under duress, the union had 10 working days to file a grievance on the matter. However, the union did not reduce the issue of duress to writing until March 19, 2010, when it attempted to amend the moot grievance. Even if the amendment is viewed as a new grievance addressing a viable controversy, the grievance was filed approximately two months too late.
>
> * * *
>
> The issue of duress does not involve the interpretation and/or application and/or compliance with the provisions of this Contract. The issue of duress is an issue of law and the parties agreed the arbitrator has no jurisdiction over issues of law.

{¶ 9} On October 26, 2010, the union filed a complaint with the court of common pleas in which it sought an order vacating the arbitrator's award pursuant to R.C. 2711.10 and resolution of the duress claim by declaratory-judgment. The clerk of courts served the complaint on the city on November 2, 2010, but it was not served on outside counsel retained by the city in this matter, as required by R.C. 2711.13.

{¶ 10} On November 24, 2010, the union filed a notice of filing of a motion and a memorandum to vacate and modify the arbitration award, in which it again sought vacation of the award under the provisions of R.C. 2711.10, and argued that it had acted within the three-month time period of R.C. 2711.13, since the arbitration award was not mailed or personally delivered to it as required by Rule 40 of the American Arbitration Association ("AAA").

{¶ 11} Also on November 24, 2010, the city filed a motion to confirm the arbitration award and/or strike the union's motion to vacate the arbitration award, claiming that the union had not filed a motion to vacate the award and that the union's challenge to the arbitration award was not filed and served upon the city's counsel within the three-month time period established in R.C. 2711.13.[2] The city additionally filed a motion to dismiss the declaratory-judgment claim for lack of subject-matter jurisdiction, arguing that such claims are within the exclusive jurisdiction of SERB. On December 13, 2010, the city filed a motion to strike the union's motion and memorandum to vacate the award of the arbitrator as untimely.

{¶ 12} On March 9, 2011, the trial court granted the city's motion to confirm the arbitration award and to strike the union's motion and memorandum to vacate and modify the arbitration award as untimely. On March 14, 2011, the trial court granted the city's motion to dismiss the declaratory-judgment claim for lack of subject-matter jurisdiction. The union now appeals and assigns three errors for our review.

{¶ 13} The first assignment of error states:

---

[2]The city maintained that the arbitrator e-mailed the decision on August 20, 2010, the AAA e-mailed it on August 23, 2010, and that the union filed its motion one day past the statutory deadline (November 24, 2010) and served it two days past the deadline (November 25, 2010).

The trial court erred by granting Defendant/Appellee's March 10, 2011 Civ.R. 12(F) motion to strike Plaintiff/Appellant's motion and memorandum to modify and strike the arbitration award.

{¶ 14} Within this assignment of error, the union asserts that the city improperly invoked Civ.R. 12(F) to dismiss its complaint. The union additionally claims that the trial court erred by failing to treat its complaint as a "motion to vacate the arbitration award" within the meaning of R.C. 2711.13 and in determining that its motion and memorandum to vacate were untimely.

{¶ 15} As to the applicability of Civ.R. 12(F), proceedings involving the confirmation or vacation of an arbitration award are special statutory proceedings. *MBNA Am. Bank, N.A. v. Anthony*, Tuscarawas App. No. 05AP090059, 2006-Ohio-2032, 2006 WL 1063752. Civ.R. 1(C) provides that the civil rules are by definition not to apply to procedural matters in special statutory proceedings "to the extent that they would by their nature be clearly inapplicable." Id.; *Buyer's First Realty v. Cleveland Area Bd. of Realtors* (2000), 139 Ohio App.3d 772, 745 N.E.2d 1069.

{¶ 16} Under Civ.R. 12(F),

> [u]pon motion * * * the court may order stricken from any pleading any insufficient claim or defense * * *.

{¶ 17} Pursuant to R.C. 2711.09, when a motion is made to confirm an arbitration award, the court shall grant the motion if it is made within one year of the award, unless a timely motion for modification or vacation has been made and cause to modify or vacate is shown. The motion to modify or vacate must be made within three months of the award, pursuant to R.C. 2711.13.

{¶ 18} Applying the foregoing, we conclude that in general, proceedings to confirm or vacate an arbitration award involve neither pleadings nor insufficient claims in pleadings. Thus,

Civ.R. 12(F) is generally not germane to such proceedings. Nonetheless, the union filed a complaint in this matter, and the city, though citing Civ.R. 12(F), also invoked R.C. 2711.10 and 2711.13 in support of its motion to strike. In this particular matter, therefore, in light of the unique procedural history, we cannot conclude that the city's brief citation of Civ.R. 12(F) was prejudicial or erroneous.

{¶ 19} As to whether a party may file a complaint in order to challenge an arbitration award, R.C. 2711.13 provides for "[n]otice of a motion to vacate, modify, or correct an award [which] must be served upon the adverse party or his attorney within three months after the award is delivered to the parties in interest, as prescribed by law for service of notice of a motion in an action."

{¶ 20} There is authority that permits the challenge to an arbitration award by "complaint," *Bailey v. Ohio Dept. of Transp.*, Franklin App. No. 07AP-849, 2008-Ohio-1513, 2008 WL 852616, but in a word of caution that court noted, "While a trial court may have some flexibility with procedural rules, it lacks that flexibility when a party raises the expiration of the applicable statute of limitations as a defense." See also *Gonda & Assoc. v. Flynn*, Cuyahoga App. No. 93566, 2010-Ohio-679 (stating, without criticism, that a complaint had been used to challenge the arbitration award).

{¶ 21} Nonetheless, unlike a complaint, the motion filed under R.C. 2711.13 does not require that the clerk of courts issue summons and perfect service. Instead, service must be perfected by service on the attorneys for the parties prior to filing the application. *Cleveland v. Laborers Internatl. Union Local 1099*, Cuyahoga App. No. 92983, 2009-Ohio-6313, 2009 WL 4406081. Thus, the motion must "be 'served upon the adverse party or his attorney within three

months after the award.' " Id.; *Thomas v. Franklin Cty. Sheriff's Office* (1998), 130 Ohio App.3d 153, 156, 719 N.E.2d 977. *Galion v. Am. Fedn. of State, Cty. & Mun. Emp.* (1995), 71 Ohio St.3d 620, 646 N.E.2d 813.

{¶ 22} As to the start of the three-month period, the union insists that the award must be mailed by traditional mail under Rule 40 of the Labor Arbitration Rules. We recognize that under the traditional view, the postmark date was deemed controlling. See *Citibank S. Dakota, N.A. v. Wood*, 169 Ohio App.3d 269, 2006-Ohio-5755, 862 N.E.2d 576, citing *Girard v. AFSCME Ohio Council 8, Local Union 3356,* Trumbull App. No. 2003-T-0098, 2004-Ohio-7230, 2004 WL 30901889. However, subsequent to July 1, 2005, pursuant to Rule 36 and Rule 37 of the Labor Arbitration Rules, an award is rendered when it is transmitted by e-mail to the parties:

> 36. Serving of Notice
>
> Each party to a submission or other agreement that provides for arbitration under these rules shall be deemed to have consented and shall consent that any papers, notices, or process necessary or proper for the initiation or continuation of an arbitration under these rules; for any court action in connection therewith, or for the entry of judgment on an award made thereunder may be served upon the party by mail addressed to the party, or its representative at the last known address or by personal service, in or outside the state where the arbitration is to be held. The AAA and the parties may also use facsimile transmission, telex, telegram, or other written forms of electronic communication to give the notices required by these rules.
>
> 37. Time of the Award
>
> The award shall be rendered promptly by the arbitrator and, unless otherwise agreed by the parties or specified by law, no later than 30 days from the date of closing the hearings as provided in Section 31, with five additional days for mailing if briefs are to be filed or other documents are to be transmitted pursuant to Section 28.

If oral hearings have been waived, the award shall be rendered no later than 30 days from the date of transmitting the final statements and proofs to the arbitrator.

The award shall be deemed to be "rendered" on the date it is postmarked or otherwise transmitted to the AAA by the arbitrator, whether by regular mail, electronically, or by telephone facsimile.

If an award is transmitted electronically or by facsimile, the arbitrator shall promptly deliver an original copy to the AAA.

**{¶ 23}** Moreover, Rule 40 states:

Parties shall accept as legal delivery of the award the placing of the award

or a true copy thereof in the mail by the AAA, addressed to the party at its

last known address or to its representative; personal service of the award;

or the filing of the award in any other manner that is permitted by law.

**{¶ 24}** Thus, we conclude that the decision was rendered when it was transmitted by the arbitrator by e-mail on August 20, 2010. Accord *Laborers Internatl. Union Local 1099*. Accordingly, the three-month period was triggered at the latest as of August 23, 2010, the date on which the AAA e-mailed it to the parties. Here, the motion to vacate the arbitrator's award was not filed and served upon counsel for the city until November 24, 2010. Thus, because the union failed to file and serve within the three-month time period, the trial court properly granted the city's motion to strike.

**{¶ 25}** The first assignment of error is without merit.

**{¶ 26}** The second assignment of error states:

The trial court erred in its dismissal of Counts I and II of the Complaint, which respectively sought vacation of an arbitration award, and sought declaratory relief, for lack of subject-matter jurisdiction.

{¶ 27} In this assignment of error, the union maintains that the trial court had subject-matter jurisdiction to address both its claim to vacate the arbitrator's award under R.C. 2711.10, and its claim that the wage concessions were obtained by duress.

{¶ 28} The three-month deadline set forth in R.C. 2711.13 for filing and serving a motion to vacate an arbitration award is mandatory and jurisdictional. *Galion v. Am. Fedn. of State, Cty. & Mun. Emp.*, *Ohio Council 8, AFL-CIO, Local 2243*, 71 Ohio St.3d at 622, 646 N.E.2d 813. As we noted previously, this mandatory and jurisdictional deadline was not met herein. Therefore, this claim for relief was properly dismissed.

{¶ 29} With regard to the claim for declaratory judgment on the issue of whether the wage concessions were obtained by duress, we note, with regard to procedure, that the *Galion* court additionally held, at paragraph two of the syllabus:

> R.C. Chapter 2711 provides the exclusive statutory remedy which parties must use in appealing arbitration awards to the courts of common pleas. An action in declaratory judgment cannot be maintained to circumvent the clear legislative intent of R.C. Chapter 2711.

{¶ 30} The court explained:

> If we were to sanction the use of declaratory relief in this case, then parties challenging arbitration awards would be able to bypass the stringent requirements that are needed to overturn, modify, or correct an arbitration award.

{¶ 31} Moreover, with regard to the substantive nature of the claim, SERB has exclusive jurisdiction where the claims "arise from or depend on the collective bargaining rights created by R.C. Chapter 4117." Id. This includes conduct that constitutes unfair labor practices under R.C. 4117.11. Id. Changes in compensation that are alleged to have occurred outside of the collective-bargaining process set forth a violation of R.C. 4117.11 that prohibits the restraint or

coercion of employees in the exercise of their collective-bargaining rights.[3]  See *Consolo v. Cleveland*, 103 Ohio St.3d 362, 2004-Ohio-5389, 815 N.E.2d 1114.

{¶ 32} In accordance with the foregoing, we are compelled to conclude that the second claim for relief, the declaratory judgment asserting that the city obtained wage concessions from the union through duress, was properly dismissed.   The declaratory-judgment action was not the proper procedure in which to raise that challenge.   Further, the claim is dependent upon collective-bargaining rights created by R.C. Chapter 4117 and essentially asserts that the city engaged in an unfair labor practice by determining wages outside of the collective-bargaining process, by coercion, in violation of R.C. 4117.11(B).

{¶ 33} The second assignment of error is therefore without merit.

{¶ 34} The third assignment of error states:

> The trial court erred in its March [14, 2011] journal entry granting Defendant/Appellee's motion to confirm the arbitration award without first holding a hearing.

{¶ 35} The union next asserts that pursuant to R.C. 2711.09, the trial court was required to hold a hearing before confirming the arbitration award and that the court should have held a hearing to probe the issues of the arbitrator's failure to hold a hearing, and the arbitrator's determination that it could not decide the issue of duress.

{¶ 36} R.C. 2711.09 governs orders to confirm an arbitration award and provide for a hearing.   *CACV of Colorado, L.L.C. v. Hillman*, Union App. No. 14-09-18, 2009-Ohio-6235, 2009 WL 4263330.   Nonetheless, where the party challenging the arbitration award has failed to

---

[3]R.C. 4117.11(B) provides: "It is an unfair labor practice for an employee organization, its agents, or representatives, or public employees to:
   (1) Restrain or coerce employees in the exercise of the rights guaranteed in Chapter 4117. * * *
   (2) Cause or attempt to cause an employer to [commit an unfair labor practice]."

comply with the statutory time limits, no hearing is necessary because the "trial court's authority is limited to granting or denying the application to confirm the arbitration award." Id.

{¶ 37} In this matter, because the union did not file its challenge within the three-month limitations period, the trial court's authority was limited to denying the application to confirm the arbitration award, so the failure to hold a hearing does not constitute prejudicial error. *CACV of Colorado, L.L.C.*; *Brookdale Senior Living v. Johnson-Wylie*, Cuyahoga App. No. 95129, 2011-Ohio-1243, 2011 WL 917386 (where a party is provided ample opportunity to be heard through the pleadings process and pretrial conferences, a hearing is not required by R.C. 2711.09).

{¶ 38} The third assignment of error is without merit.

Judgment affirmed.

ROCCO and GALLAGHER, JJ., concur.

_____