[Cite as *Ohio Patrolmen's Benevolent Assn. v. Cleveland*, 2022-Ohio-1403.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

OHIO PATROLMEN'S                  :
BENEVOLENT ASSOCIATION,           :

      Plaintiff-Appellant/
      Cross-Appellee,           :

                            No. 110816

      v.                        :

CITY OF CLEVELAND, OHIO,          :

      Defendant-Appellee/
      Cross-Appellant.          :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 28, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-20-937538

---

### *Appearances:*

Danielle M. Chaffin, *for appellant/cross-appellee.*

Zashin & Rich Co. L.P.A., George S. Crisci, and Scott H.
DeHart, *for appellee/cross-appellant.*

EILEEN T. GALLAGHER, J.:

{¶ 1} Plaintiff-appellant, the Ohio Patrolmen's Benevolent Association

("OPBA"), appeals an order of the Cuyahoga County Court of Common Pleas

dismissing the OPBA's application to vacate an arbitration award and confirming the arbitration award. The OPBA claims the following three errors:

1. The trial court erred when it held that the defendant was represented by attorneys Zashin & Rich, Co. L.P.A. at the time service was perfected, which was not reflected on the trial court's docket.

2. The trial court erred when it ruled that outside counsel in an underlying arbitration proceeding is the proper party for service of a civil complaint or motion to vacate arbitration award, when the city of Cleveland's charter and/or codified ordinances state that the law department is the party's attorney.

3. The trial court erred when it failed to recognize that R.C. 2711.13 explicitly permits service upon the adverse party or their attorney.

(Emphasis sic.)

{¶ 2} Defendant-appellee, city of Cleveland ("Cleveland" or "the city"), also appeals from the trial court's judgment and claims the following two assignments of error:

1. The trial court erred when it failed to dismiss the OPBA's vacatur filing as improperly-filed because it was styled as a complaint and did not meet the criteria of a motion under the civil rules.

2. The trial court erred when it failed to dismiss the OPBA's vacatur filing as improperly-filed because it did not contain a certificate of service.

{¶ 3} We find that the trial court lacked jurisdiction to vacate the arbitration award as a result of the OPBA's failure to properly serve its vacatur motion on the appropriate party and affirm the trial court's judgment confirming the award.

## I. Facts and Procedural History

{¶ 4} The OPBA is a labor union that represents police officers, dispatchers, corrections officers, sheriff's deputies, and security officers within the city of Cleveland and throughout Ohio. The OPBA is the exclusive collective bargaining representative for chief radio dispatchers in Cleveland pursuant to a collective bargaining agreement ("CBA"). In May 2019, the OPBA filed a grievance, alleging that Cleveland was violating the parties' CBA by offering overtime shifts to non-bargaining employees. Under the CBA, the city and the OPBA must resolve disputes through the CBA's grievance procedure, which includes arbitration. The matter proceeded to arbitration in accordance with the CBA's grievance procedure, and an arbitrator denied the grievance.

{¶ 5} Following the arbitrator's decision, the OPBA filed a document titled "Complaint: Application to Vacate Arbitration Award" in the Cuyahoga County Court of Common Pleas, seeking to vacate the arbitrator's award pursuant to R.C. 2711.10(C) and (D). The document was served on the city's law department within the three-month limitations period set forth in R.C. 2711.13, but it was not served on the attorneys who represented the city in the arbitration proceeding. The city did not file an answer, filing instead a motion to confirm the arbitrator's award. The city also filed a motion to strike or to dismiss the OPBA's complaint, arguing the trial court lacked jurisdiction to vacate the arbitration award because the OPBA failed to perfect service on the city's outside counsel within the three-month time frame required by R.C. 2711.13.

{¶ 6} The trial court denied the city's motion to strike and/or to dismiss the complaint and set a briefing schedule on the OPBA's request to vacate the arbitration award. The court reasoned that although the OPBA's pleading was captioned and structured as a complaint, it satisfied the procedure outlined in R.C. 2711.13 requiring the filing of a motion to vacate an arbitration award. The court further reasoned that service of the complaint on the city's law department by special process server was sufficient because (1) R.C. 2711.13 authorizes service on either the adverse party or its attorney, (2) there was no notation for a specific attorney on the docket, and (3) the court "was not persuaded that the plaintiff must always serve the outside counsel attorney who represented the city in the underlying arbitration as the arbitration is a separate proceeding from the subsequently filed court case."

{¶ 7} After the court rendered its judgment, this court issued its decision in *Cleveland Police Patrolmen's Assn. v. Cleveland*, 8th Dist. Cuyahoga No. 109351, 2021-Ohio-702 ("*CPPA*"), which contradicted the trial court's ruling on the service requirements set forth in R.C. 2711.13. Consequently, the city filed a motion for reconsideration based on the new precedent. After briefing, the trial court granted the motion for reconsideration, dismissed the complaint, and confirmed the arbitration award. Both the OPBA and Cleveland filed timely notices of appeal.

## II. Law and Analysis

{¶ 8} In the first assignment of error, the OPBA argues the trial court erred in holding that Cleveland was represented by attorneys from Zashin & Rich, Co., L.P.A. at the time service was perfected when that fact was not represented on the

court's docket. In the second assignment of error, the OPBA argues the trial court erred in ruling that outside counsel, who represented Cleveland in the underlying arbitration proceeding, is the proper party for service of a civil complaint or motion to vacate an arbitration award when the city's charter and codified ordinances state that the city's law department is its attorney. In the third assignment of error, the OPBA argues the trial court erred in failing to recognize that R.C. 2711.13 explicitly permits service on either the adverse party or its attorney.

{¶ 9} Cleveland argues in its first assignment of error of the cross-appeal that the trial court erred in failing to dismiss the OPBA's vacatur filing as improperly filed because it was styled as a complaint and did not meet the criteria of a motion as required by R.C. 2711.13 and the Ohio Rules of Civil Procedure. In its second assignment of error, Cleveland argues the trial court erred in failing to dismiss the OPBA's complaint because it did not contain a certificate of service as required by Civ.R. 5(B)(4). We discuss the assigned errors together because they all relate to the procedure set forth in R.C. 2711.13 for effecting service of a motion to vacate an arbitration award.

## A. Standard of Review

{¶ 10} When reviewing a decision of a common pleas court confirming, modifying, vacating, or correcting an arbitration award, we accept findings of fact that are not clearly erroneous as true but decide questions of law de novo. *Portage Cty. Bd. of Dev. Disabilities v. Portage Cty. Educators' Assn. for Dev. Disabilities*, 153 Ohio St.3d 219, 2018-Ohio-1590, 103 N.E.3d 804, syllabus. The issues in this

appeal concerning the statutory requirements governing vacatur proceedings under R.C. Chapter 2711 involve questions of law we decide de novo.

### B. Statutory Requirements for Vacatur

{¶ 11} The Ohio Arbitration Act, codified in R.C. Chapter 2711, provides a special statutory procedure authorizing a common pleas court to confirm, modify, or vacate an arbitration award. *Brookdale Senior Living v. Johnson-Wylie*, 8th Dist. Cuyahoga No. 95129, 2011-Ohio-1243, ¶ 7. The procedure is analogous to an administrative appeal because judgment is rendered by an arbitrator before coming to the common pleas court for review. Thus, judicial review of an arbitration award may be viewed as an extension or continuation of the arbitration process rather than a separate and distinct legal matter.

{¶ 12} Arbitration proceedings are designed to streamline the process in order to provide an economical means of resolving disputes expeditiously. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 633, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985)(A prime objective of an agreement to arbitrate is to achieve "streamlined proceedings and expeditious results."); *Hayes v. Oakridge Home*, 122 Ohio St. 3d 63, 2009-Ohio-2054, 908 N.E.2d 408, quoting *Schaefer v. Allstate Ins. Co.*, 63 Ohio St.3d 708, 712, 590 N.E.2d 1242 (1992)("'[A]rbitration is favored because it provides the parties thereto with a relatively expeditious and economical means of resolving a dispute.'"). The Ohio Arbitration Act sets forth a streamlined procedure that must be followed in order to accomplish these goals.

{¶ 13} R.C. 2711.13 provides, in relevant part, that "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is delivered to the parties in interest, as prescribed by law for service of notice of a motion in an action." "The three-month deadline set forth in R.C. 2711.13 for filing and serving a motion to vacate an arbitration award is mandatory and jurisdictional." *Mun. Constr. Equip. Operators' Labor Council v. Cleveland*, 197 Ohio App.3d 1, 2011-Ohio-5834, 965 N.E.2d 1040, ¶ 28 (8th Dist.) ("*MCEOLC*"). Therefore, failure to comply with the requirements of R.C. 2711.13 deprives the trial court of jurisdiction to vacate the arbitration award.

{¶ 14} The OPBA filed a document titled: "Complaint: Application to Vacate Arbitration Award." Cleveland asked the trial court to strike, or in the alternative to dismiss the "complaint," arguing that it failed to qualify as a motion required by the statute because it was not only styled as a complaint, but it failed to provide any legal analysis in support of its claim for vacatur, which is a required element of a motion. Cleveland also asserted that the complaint did not include a certificate of service as required for service of a motion. Cleveland contends, in its two cross-assignments of error, that the trial court should have dismissed the complaint because R.C. 2711.13 requires the filing of a motion rather than a pleading to challenge an arbitration award and that the OPBA's failure to properly serve a motion within the three-month statutory period deprived the trial court of jurisdiction to vacate the arbitration award.

{¶ 15} The OPBA contends a complaint is sufficient to comply with the requirements of R.C. 2711.13 and cites cases where courts have acknowledged challenges to arbitration awards initiated by a complaint rather than by motion. *See, e.g., Bailey v. Ohio State Dept. of Transp.*, 10th Dist. Franklin No. 07AP-849, 2008-Ohio-1513 (complaint construed as motion to vacate arbitration award); *Gonda & Assoc. v. Flynn*, 8th Dist. Cuyahoga No. 93566, 2010-Ohio-679 (complaint construed as motion to modify arbitration award); *Nolan v. Kaye*, 1st Dist. Hamilton No. C-840721, 1985 Ohio App. LEXIS 9151 (Nov. 6, 1985) (construing counterclaim as a motion to vacate arbitration award). However, none of the adverse parties in these cases challenged the adequacy of filing a complaint in lieu of a motion as Cleveland does now. The adequacy of filing a complaint instead of a motion was not an issue in those cases. Therefore, they do not support the proposition that a party seeking to challenge an arbitration award may do so by filing a complaint instead of a motion, especially since the statute expressly states that such challenges must be made by motion.

{¶ 16} In *MCEOLC*, we observed that proceedings to confirm or vacate an arbitration award must be initiated by motion rather than by pleading. *MCEOLC*, 197 Ohio App.3d 1, 2011-Ohio-5834, 965 N.E.2d 1040, at ¶ 18-21. Although we acknowledged that some courts have allowed challenges to arbitration awards to be made by complaint (where no party objected to the complaint), we have also held that "[a] counterclaim [or complaint] asking for new relief is not a motion to vacate the [arbitration] award." *Asset Acceptance, L.L.C. v. Stancik*, 8th Dist. Cuyahoga

No. 84491, 2004-Ohio-6912, ¶ 14. In *Asset Acceptance,* we affirmed a judgment confirming an arbitration award, in part, because the party seeking to vacate the arbitration award filed a counterclaim for relief instead of a motion to vacate the arbitration award as required by the statute. *Id.* at ¶ 18. In affirming the trial court's judgment, we explained:

> R.C. 2711.05 mandates that applications for orders under R.C. 2711.01 to R.C. 2711.15, inclusive, "be made and heard in the manner provided by law for the making and hearing of motions * * *." Consequently, a counterclaim for damages in response to an application to confirm an arbitration award is not authorized by statute and the trial court did not err in concluding as much.

*Id.* at ¶ 15.

{¶ 17} The Ohio Arbitration Act's requirement that vacatur proceedings be initiated by motion is reiterated in R.C. 2711.05, which states, in relevant part:

> Any application to the court of common pleas under sections 2711.01 to 2711.15, inclusive, of the Revised Code, shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise expressly provided in such sections.

Just as the defendant in *Asset Acceptance* failed to meet the statutory requirements for vacating an arbitration award because he filed a counterclaim instead of a motion, the OPBA failed to comply with the statutory requirements for challenging an arbitration award because it filed a complaint instead of a motion as required by R.C. 2711.13. The OPBA's complaint was captioned as a complaint and included, among other things, a statement of jurisdiction, factual allegations, and a prayer for relief. And, there is no argument supported by legal analysis as required for a motion. The complaint also lacked a certificate of service, which is required for

service of a motion pursuant to Civ.R. 5(B). The trial court, therefore, should have granted Cleveland's motion to strike the pleading.

{¶ 18} Cleveland's first assignment of error in its cross-appeal is sustained.

{¶ 19} Even if the OPBA's complaint could be construed as a motion to vacate the arbitration award, the OPBA nevertheless failed to properly initiate the proceedings within the three-month limitations period because it failed to serve Cleveland's counsel of record. As previously stated, R.C. 2711.13 provides that a motion to vacate an arbitration award "must be served upon the adverse party or his attorney within three months after the award is delivered to the parties, as prescribed by law for service of notice of a motion in an action." The Ohio Supreme Court has interpreted this language to mean that service of a motion to vacate must be made "as provided in Civ.R. 5(B)." *Cox v. Dayton Pub. Schools Bd. of Edn.*, 147 Ohio St.3d 298, 2016-Ohio-5505, 64 N.E.3d 977, ¶ 16.

{¶ 20} Civ.R. 5(B)(1) provides, in relevant part, that "[w]henever a party is not represented by an attorney, service under this rule shall be made upon the party. If a party is represented by an attorney, service under this rule shall be made on the attorney unless the court orders service on the party."

{¶ 21} The OPBA argues that because Cleveland's charter and codified ordinances provide that the city law director may serve as the city's counsel, service of its complaint on the law director satisfied the requirements of Civ.R. 5(B)(1). The OPBA further contends that R.C. 2711.13 permits service on either the party or its counsel and, therefore, service on the city satisfied the requirements of R.C. 2711.13.

We rejected these very same arguments in *CPPA*, 8th Dist. Cuyahoga No. 109351, 2021-Ohio-702, ¶ 13. In *CPPA*, we stated:

> We also disagree that service on the city's law department satisfied Civ.R. 5(B)(1). Although the city's law department provides legal services for the city, the CPPA acknowledges that the city hires other law firms. For this arbitration, outside counsel represented the city. The city's outside counsel participated in the four-day arbitration hearing, and the arbitrator's decision identified outside counsel as "appear[ing]" for the city. The arbitrator's decision does not state that a representative from the city's law department participated in the arbitration hearing. The trial court's docket also identifies the city's law department as the "defendant" in this case and lists separate outside counsel for the city as "attorney." We have previously found that when a city hires outside counsel, a party serving an application to vacate an arbitration award must serve the city's outside counsel. *See Mun. Constr. Equip. Operators' Labor Council*, 197 Ohio App.3d 1, 2011-Ohio-5834, 965 N.E.2d 1040, at ¶ 24 (upheld the trial court's judgment striking a union's application to vacate an arbitration award because the application was not served for the purposes of R.C. 2711.13 until it was served on the city's outside counsel over three months after the award, as opposed to earlier service on the city directly).

*Id.* at ¶ 13.

{¶ 22} The OPBA nevertheless argues that Cleveland did not have a specific attorney listed on the docket when it filed the complaint and, therefore, Cleveland was unrepresented. However, the same was true when the Cleveland Police Patrolmen's Association ("Patrolmen's Association") filed its application to vacate the arbitration award at issue in *CPPA*. The trial court's docket could not have identified Cleveland's counsel at the time the Patrolmen's Association filed its motion in that case because there was nothing on the docket until Patrolmen's Association initiated the case by filing the motion. It belies the process to have the

name of a defense attorney listed as counsel of record on the docket before the plaintiff commences the action and this fact did not impact our holding in *CPPA*.

{¶ 23} Still, the OPBA argues that Sections 83 and 85 of the Cleveland Charter provide that the law director shall serve as the city's counsel. Section 83, which describes the law director's duties, provides that the law director "shall prosecute and defend all suits for and in behalf of the City." However, Section 85 of the Charter states that the law director assumes his or her duty to prosecute or defend for and on behalf of the city "[w]hen required to do so by resolution of the Council." There is no evidence that anyone from the Cleveland Law Department represented the city in the arbitration proceeding, nor is there any evidence that the Cleveland Council passed any resolution or ordinance designating the Cleveland Law Department to act as its counsel for this arbitration case. The record shows that Cleveland was solely represented by outside counsel.

{¶ 24} The arbitrator issued his decision on June 24, 2020. On September 21, 2020, the OPBA filed a complaint that was served on the Cleveland Law Department by the clerk of courts on September 22, 2020, a couple of days before expiration of the three-month limitations period provided in R.C. 2711.13. As argued by the city in its second assignment of error, the complaint did not contain a certificate of service. Indeed, it is undisputed that the OPBA never served the complaint on Cleveland's outside counsel even though outside counsel represented Cleveland in the arbitration proceedings. And, as previously stated, Civ.R. 5(B)(1) provides that where a party is represented by counsel, the motion must be served on

counsel rather than the party. In accordance with our prior decision in *CPPA*, 8th Dist. Cuyahoga No. 109351, 2021-Ohio-702, we find that the OPBA failed to comply with the service requirements set forth in R.C. 2711.13 and Civ.R. 5(B)(1) and thus failed to serve its complaint on Cleveland's outside counsel within the three-month limitations period set forth in R.C. 2711.13.[1] *See CPPA* at ¶ 14.

{¶ 25} The OPBA argues that a rule requiring the party seeking vacatur to serve outside counsel instead of the party-defendant sets the stage for gamesmanship because the defendant could retain a different lawyer or represent itself and thereby dodge service. However, the rule requires service of the motion on the attorney who represented the party in the arbitration proceedings solely for purposes of perfecting service. The moving party need only prove that it complied with the statutory requirements in order to establish service regardless of whether or not the attorney will represent the defending party in the vacatur proceeding. The defending party is not obligated to retain the same lawyer who represented the party in the arbitration proceeding. And, nothing prevents the moving party from serving both the party and outside counsel in order to avoid any disputes about service.

---

[1] The OPBA cites *Champion Chrysler Plymouth v. Dimension Serv. Corp.*, S.D. Ohio No. 2:17-cv-130, 2018 U.S. Dist. LEXIS 48281 (Mar. 23, 2018), among other cases, to support its argument that service on the party is sufficient to comply with the requirements of R.C. 2711.13. The court in *Champion Chrysler* held that service on the party-defendant rather than the lawyer who represented the defendant in the arbitration proceeding was sufficient because the attorney had not yet taken any action on the case in court at the time the plaintiffs served the defendant. We recognize that *Champion Chrysler* conflicts with our holding in this case, but we are not bound by cases from the federal district courts.

{¶ 26} As previously stated, the failure to properly serve the defendant within the limitations period provided in the statute deprives the trial court of jurisdiction to vacate the arbitration award. *MCEOLC*, 8th Dist. Cuyahoga No. 96673, 2011-Ohio-5834, ¶ 28. Although the trial court lacked jurisdiction to vacate the arbitration award, it had jurisdiction to confirm the award. "Pursuant to R.C. 2711.09, if a party moves to confirm an arbitration award any time within one year after the award, the 'court shall grant' the motion to confirm." *CPPA*, 8th Dist. Cuyahoga No. 109351, 2021-Ohio702, ¶ 15, quoting R.C. 2711.09. As we explained in *CPPA*:

> The purpose of a motion to confirm an arbitration award "is to enable parties to an arbitration to obtain satisfaction of the award." *Warren Edn. Assn. v. Warren City Bd. of Edn.*, 18 Ohio St.3d 170, 174, 18 Ohio B. 225, 480 N.E.2d 456 (1985). Therefore, "[t]he common pleas court has no discretion [to deny a motion to confirm] if the motion is made within one year but *must* grant the confirmation unless a timely motion to vacate or modify has been made and grounds for modification or vacation are shown." (Emphasis sic.) *Russo v. Chittick*, 48 Ohio App.3d 101, 104, 548 N.E.2d 314 (8th Dist.1988), citing *Warren* at 174.

{¶ 27} Courts strive to hear cases on the merits rather than dismissing them on technicalities. However, in the absence of a properly filed motion to vacate the arbitration award, the trial court had no choice but to grant Cleveland's motion to confirm the arbitration. We, therefore, sustain Cleveland's cross-assignments of error and overrule the OPBA's three assignments of error.

{¶ 28} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
LISA B. FORBES, J., CONCUR