SHARP, APPELLANT, *v.* UNION CARBIDE CORPORATION ET AL., APPELLEES.

[Cite as Sharp *v.* Union Carbide Corp. (1988), 38 Ohio St. 3d 69.]

(No. 87-1492—Submitted May 31, 1988—Decided July 27, 1988.)

*Stewart R. Jaffy & Assoc. Co., L.P.A.,* and *Stewart R. Jaffy,* for appellant.

*Squire, Sanders & Dempsey, Helen Kryshtalowych* and *Michael L. Fortney,* for appellee Union Carbide Corporation.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Sharon D. Tassie,* for appellee Administrator.

DOUGLAS, J. The central question posed by this appeal is whether the term "income," as used in R.C. 4141.30(E)(2), includes Social Security disability benefits. We hold that it does not.

Under the unemployment compensation system adopted in Ohio, an individual eligible for such compensation may receive additional benefit amounts if he has a dependent or dependents. R.C. 4141.30(B). The term "dependent," as relevant herein, is defined in R.C. 4141.30(E)(2), as follows:

"The legally married wife or husband of the individual claiming benefits for whom more than one-half the cost of support has been supplied by such individual for at least ninety consecutive days, or for the duration of the marital relationship if it has existed for less than ninety days, immediately preceding the beginning of such individual's current benefit year and such wife or husband was living with such individual and had an average weekly income, in such period, not in excess of twenty-five per cent of the claimant's average weekly wage, or thirty dollars, whichever is less."

The term "income" is not defined anywhere in R.C. Chapter 4141. Appellees argue that the term "income" should be construed broadly to include the Social Security disability benefits involved in the instant case. We do not agree.

Where a particular term employed in a statute is not defined, it will be accorded its plain, everyday meaning. *State* v. *Dorso* (1983), 4 Ohio St. 3d 60, 62, 4 OBR 150, 152, 446 N.E. 2d 449, 451. The term "income" is commonly understood as signifying payments received as compensation for services rendered or returns realized from capital investment. "Income" has been defined as "a gain or recurrent benefit that is usu[ally] measured in money and for a given period of time, *derives from capital, labor, or a combination of both * * *."* (Emphasis added.) See Webster's Third New International Dictionary (1986) 1143.

Social Security payments are not "income" as that term is generally understood. Such benefits constitute neither compensation for labor nor a return on capital. They are not earned by the recipient.

Our conclusion that the term "income" is synonymous with "earnings" is bolstered by the legislative history of the dependency provision in R.C. 4141.30. R.C. 4141.30(E)(2), the spousal dependency provision at issue today, traces its origins to Am. Sub. S.B. No. 237, passed by the General Assembly in 1967. (132 Ohio Laws, Part I, 1477, 1480; Part II, 2237.) In its analysis of the original bill's provisions, the Ohio Legislative Service Commission observed that the new spousal dependency clause disqualifies as a dependent any spouse whose "average *earnings*" exceeded the stated limit. Summary of 1967 Enactments of the 107th General Assembly, Ohio Legislative Service Commission, at 54. Hence, it is clear that a dependent spouse may be disqualified only by the receipt of monies *earned* by that spouse. Social Security disability benefits cannot be characterized as earnings, and thus cannot be income.

The expansive interpretation proposed by appellees would have the effect of restricting the availability of the enhanced unemployment compensation benefits payable to claimants with dependents. However, R.C. 4141.46 mandates that "[s]ections 4141.01 to 4141.46, inclusive, of the Revised Code shall be liberally construed." The purpose of the Unemployment Compensation Act, R.C. Chapter 4141, is "* * * to enable unfortunate employees, who become and remain *involuntarily* unemployed by adverse business and in-

dustrial conditions, to subsist on a reasonably decent level and is in keeping with the humanitarian and enlightened concepts of this modern day." (Emphasis *sic.*) *Leach* v. *Republic Steel Corp.* (1964), 176 Ohio St. 221, 223, 27 O.O. 2d 122, 123, 199 N.E. 2d 3, 5. See, also, *Irvine* v. *Unemployment Comp. Bd. of Review* (1985), 19 Ohio St. 3d 15, 17, 19 OBR 12, 14, 482 N.E. 2d 587, 589. The liberal construction requirement of R.C. 4141.46 was surely designed to promote this humane purpose. We are not inclined to adopt the exclusionary interpretation advanced by appellees in the absence of a clear directive from the General Assembly.

It is contended that this court's recent holding in *Gleason* v. *Bur. of Employment Services* (1985), 17 Ohio St. 3d 107, 17 OBR 256, 478 N.E. 2d 225, commands a different result. We disagree. The sole issue presented in *Gleason* was whether a claimant's unemployment compensation benefits should be reduced by the amount of state disability retirement benefits received by the claimant. This court found that such setoff must occur. In so holding, the *Gleason* court cited R.C. 4141.312, which was interpreted as requiring the setoff when considered in conjunction with applicable federal law. *Id.* at 109-110, 17 OBR at 257-259, 478 N.E. 2d at 227-228.

At least two features of *Gleason* distinguish that decision from the case before us today. First, the Social Security disability benefits involved herein were received not by the claimant himself, but by his spouse. More importantly, however, *Gleason* was decided pursuant to this court's interpretation and application of statutes which are irrelevant to this case. Therefore, any attempted analogy between the instant cause and *Gleason* is strained at best.

Accordingly, we hold that the term "income," as used in R.C. 4141.30

(E)(2), refers to compensation for services rendered or labor performed.

Based on the foregoing, we find that the holding of the board was unlawful and unreasonable, and the judgment of the court of appeals is reversed and the cause is remanded to the board of review for recalculation of appellant's benefits.

*Judgment reversed*
*and cause remanded.*

SWEENEY, LOCHER and H. BROWN, JJ., concur.

WRIGHT, J., concurs in judgment. only.

MOYER, C.J., and HOLMES, J., dissent.

HOLMES, J., dissenting. This reviewing court, in the same manner as did the court of appeals below, should give deference to the decision of the Administrator of the Ohio Bureau of Employment Services ("OBES") in the determination of the statutory construction of whether "average weekly income" as used in R.C. 4141.30(E)(2) includes Social Security disability benefits.

In conducting its review, the trial court, the court of appeals, and this court must assume that the legislature knew the meaning of the words utilized in the statute. Although the appellant argues that the word "earnings" has been analyzed by the Legislative Service Commission to exclude Social Security disability benefits, it is quite apparent that the General Assembly could have utilized the word "earnings" instead of "income" in the statute, but deliberately chose not to do so.

The computation of unemployment benefits pursuant to R.C. 4141.30(B) is based on fifty percent of the appli-

cant's average weekly wage when employed, with the actual amount of the benefit varying according to the dependency classification under R.C. 4141.30(E). Appellee administrator has interpreted the "average weekly income" of a spouse under subsection (E)(2) to include disability benefits received by the spouse. The court of appeals gave great deference to the agency's interpretation of this statute, following well-established statutory principles that an agency's interpretation of a statute it administers should be upheld if it is supported by the record and has a reasonable basis in law. *Unemployment Compensation Comm. of Alaska* v. *Aragon* (1946), 329 U.S. 143, 154; *Griggs* v. *Duke Power Co.* (1971), 401 U.S. 424, 433-434; *Jones Metal Products* v. *Walker* (1972), 29 Ohio St. 2d 173, 58 O.O. 2d 393, 281 N.E. 2d 1.

Here, OBES's interpretation is supported first by the fact that the legislature used the term "income" rather than "earnings," and income is the broader of the terms. Second, inclusion of disability benefits within the term "income" is supported by the purpose of Social Security disability payments, *i.e.,* "to provide workers and their families with basic protection against hardships created by loss of earnings due to illness or old age." *Mathews* v. *DeCastro* (1976), 429 U.S. 181, 185-186. In other words, disability benefits replace regular compensation and although such benefits are not "earned" through labor, they do constitute regular income to the recipient in place of wages. Third, the inclusion of disability benefits in "income" for purposes of R.C. 4141.30(E)(2) furthers the goal of the unemployment compensation scheme, which is to provide support to an unemployed worker only to the extent that such support is not provided by other sources. See R.C. 4141.312 and *Gleason* v. *Bur. of Employment Services* (1985), 17 Ohio St. 3d 107, 17 OBR 256, 478 N.E. 2d 225 (entire amount of disability retirement benefits to be offset against any unemployment compensation due to claimant). In both *Gleason* and the instant case, the disability benefits were received by the person whose income status was at issue. In *Gleason,* the benefits were received by the claimant, and this court reduced unemployment compensation accordingly. In this case, benefits were received by the wife, and thus her dependency status should similarly be affected. The underlying goal of R.C. Chapter 4141 is identical under both R.C. 4141.312 and 4141.30(E)(2).

Finally, the agency's interpretation of the statute does not violate the Ohio or United States Constitutions. As this statute does not involve a fundamental interest or any protected class, it must be upheld if it is rationally related to a legitimate state interest. *Ohio Bur. of Employment Services* v. *Hodory* (1977), 431 U.S. 471, 489. It may reasonably be assumed that the legislature considered all aspects of other potential support that might be available to an unemployed person, and established its criteria and budgeting standards thereon for application by the administrator of the agency. Since the fiscal integrity of Ohio's unemployment compensation system is a legitimate concern of the state, *Hodory, supra,* at 493, and since limiting the amount of benefits paid to a claimant whose spouse has another source of income is rationally related to this state interest, the agency's interpretation passes constitutional muster.

I would therefore affirm the court of appeals in that Social Security disability benefits are properly included as income of a spouse within R.C. 4141.30 (E)(2).

MOYER, C.J., concurs in the foregoing dissenting opinion.