OPINION
{¶ 1} This is an accelerated calendar case, submitted to this court on the record and the briefs of the parties. Appellant, the city of Girard ("the city"), appeals the judgment entered by the Trumbull County Court of Commons Pleas. The trial court ruled it did not have jurisdiction to consider the city's motion to vacate an arbitration award in favor of appellee, AFSCME Ohio Council 8, Local Union 3356 ("AFSCME").
 {¶ 2} The parties entered into a collective bargaining agreement ("CBA"). Thereafter, the city was experiencing financial troubles. In an effort to alleviate some of these troubles, the city decided to lay off some employees. The city terminated certain full-time employee-members of AFSCME. In addition, the city retained certain part-time employees, who were not members of AFSCME. In response to the terminations, AFSCME filed a grievance with the city alleging the terminations violated the CBA. The city denied the grievance. Thereafter, pursuant to the CBA, AFSCME submitted the matter to final, binding arbitration.
 {¶ 3} In a decision dated December 20, 2002, the arbitrator ruled in favor of AFSCME. A copy of this decision was mailed to the city on December 21, 2002.
 {¶ 4} On March 24, 2003, the city filed an application to vacate the arbitration award in the trial court. AFSCME filed a "motion to dismiss and/or for summary judgment and application to confirm arbitration award." The trial court ruled that it did not have jurisdiction to consider the city's motion to vacate, and it confirmed the arbitration award.
 {¶ 5} The city raises one assignment of error:
 {¶ 6} "The court below erred in dismissing the city's application to vacate the arbitration award and confirming the arbitration award without a consideration of the merits."
 {¶ 7} R.C. 2711.13 provides, in part:
 {¶ 8} "After an award in an arbitration proceeding is made, any party to the arbitration may file a motion in the court of common pleas for an order vacating, modifying, or correcting the award as prescribed in sections 2711.10 and 2711.11 of the Revised Code.
 {¶ 9} "Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is delivered to the parties in interest, as prescribed by law for service of notice of a motion in an action."
 {¶ 10} In interpreting this section, the Supreme Court of Ohio has held that when an action is not filed within the three-month period, the trial court lacks jurisdiction to consider the motion.[1]
 {¶ 11} The ultimate question in this case is when an arbitration award sent via the mail is deemed to be "delivered," under R.C. 2711.13. If the award is deemed delivered when it is dated and issued by the arbitrator, as the trial court found, appellant's motion to vacate was untimely. However, if the award is deemed to be delivered when it is received by the parties, appellant's motion to vacate may have been timely.
 {¶ 12} In Galion, the Supreme Court of Ohio noted that the decision was "issued" on April 27, 1990 and the motion to modify or vacate the arbitration award was not filed until September 1992.[2] Since the motion was over two years late, whether the issued date, delivered date, or the received date was used to calculate the three-month period was inconsequential. Similarly, many of the cases cited by AFSCME generally reference the "issued" date, but, again, the motions to vacate or modify the award in these cases were filed so late, or not at all, that the exact date of delivery would not have changed the outcome.[3] None of these cases, including Galion, conducted an analysis to determine whether "delivered" meant the date of the award, the post-mark date, or some other date.
 {¶ 13} The term "delivered" is not defined by the statute. Thus, it must be given its plain and ordinary meaning.[4] A review of the definition of "delivery" in Black's Law Dictionary reveals the term is used in several different contexts, including: actual delivery, constructive delivery, absolute delivery, and conditional delivery. However, the general definition of "delivery" is: "[t]he act by which the res or substance thereof is placed within the actual or constructive possession or control of another. * * * What constitutes delivery depends largely on the intent of the parties. It is not necessary that delivery should be by manual transfer, * * * e.g. `deliver' includes mail."[5]
 {¶ 14} The Fifth Appellate District was presented with a similar question.[6] In that case, the arbitration award was signed on September 24, 2001, was post-marked October 3, 2001, and received by the appellees on October 5, 2001.[7] The motion to vacate the arbitrator's award was filed December 28, 2001. The Fifth District concluded that the motion was timely filed.[8] Thus, it is apparent that the court used the post-mark date, rather than the date printed on the award itself. We agree with this approach.
 {¶ 15} An arbitration decision may be dated, and even signed, on a certain date. However, the document may not leave the arbitrator's office for several additional days. Arguably, the arbitration decision is not final until it is actually sent to the parties, because until then it can be modified by the arbitrator. Accordingly, the date on an arbitration award is not necessarily the date that the parties can review it. This is different than a judgment entry filed by a court, which becomes official, and public record, when it is filed and time-stamped with the clerk of courts.
 {¶ 16} When an arbitration decision is delivered to the parties through the mail, the post-mark date is the most accurate and verifiable date to be used to determine when the decision was "delivered." Once the document is placed in the mail, it is intended to reach the recipient and can no longer be retracted by the sender. We acknowledge that a post-mark date is not as precise as a time-stamped date from the clerk of courts' office. However, it is a date that can be consistently and fairly used to inform the parties that the three-month period has started.
 {¶ 17} The city argues that additional days should be added due to days the post office was closed or that the award was actually in the mail. We disagree. Essentially, the city is asking this court to apply the three-day rule of Civ.R. 6(E), which extends certain deadlines when documents are mailed. However, R.C. 2711, Ohio's Arbitration Act, is a special statutory proceeding.[9] Therefore, the Civil Rules do not apply.[10] Moreover, the Supreme Court of Ohio has held that Civ.R. 6(E) does not extend the time for filing an appeal "where the time for filing an appeal is dictated by the statute which confers the right of appeal."[11] In Ramsdell, the court quoted Civ.R. 82, which provides "`[t]hese rules shall not be construed to extend or limit the jurisdiction of the courts of this state.'"[12] R.C. 2711.13, like the statute at issue in Ramsdell, is jurisdictional.[13] Accordingly, Civ.R. 6(E) may not be used to extend the three-month period described in the statute.
 {¶ 18} In the case sub judice, the arbitration award was post-marked December 21, 2002. Accordingly, the city had until March 21, 2003, to comply with the requirements of R.C. 2711.13. The city filed its motion to vacate the arbitration award on March 24, 2003. Thus, the trial court did not err in determining that the motion was untimely filed.
 {¶ 19} In addition, the city had a duty, pursuant to R.C. 2711.13, to serve notice upon AFSCME within the three-month period.[14] Attached to the city's motion to vacate the arbitration award was a certificate of service indicating the motion was sent, via regular mail on March 24, 2003, to AFSCME. Since the earliest date AFSCME could have conceivably received notice was March 24, 2003, the notice was also untimely. Thus, the trial court could have dismissed the city's motion to dismiss the arbitration award for failing to properly serve notice.[15]
 {¶ 20} The city's assignment of error is without merit.
 {¶ 21} The judgment of the trial court is affirmed.
Christley, J., concurs with Concurring Opinion,
Grendell, J., dissents with Dissenting Opinion.
[1] Galion v. Am. Fedn. of State, Cty. Mun. Emp., Ohio Council 8,AFL-CIO, Local 2243 (1995), 71 Ohio St.3d 620, 622.
[2] Id.
[3] See Jones v. Ball (Sept. 30, 1987), 11th Dist. No. 1281, 1987 Ohio App. LEXIS 9044; Falkowski v. Strategic Merchandising, Inc. (Nov. 22, 2000), 9th Dist. No. 00CA007610, 2000 Ohio App. LEXIS 5444; Serv. Emp.Internatl. Union, Dist. 925 v. East Cleveland (Dec. 13, 1990), 8th Dist. Nos. 57788 and 57971, 1990 Ohio App. LEXIS 5458.
[4] Kimble v. Kimble, 97 Ohio St.3d 424, 2002-Ohio-6667, at ¶ 6, citing Sharp v. Union Carbide Corp. (1988), 38 Ohio St.3d 69, 70, and R.C. 1.42.
[5] (Internal citations omitted.) Black's Law Dictionary (6 Ed.Rev. 1990) 428.
[6] Fraternal Order of Police, Ohio Labor Council, Inc. v. Perry Cty.Commrs., 5th Dist. No. 02-CA-14, 2003-Ohio-4038.
[7] Id. at ¶ 16.
[8] Id. at ¶ 18.
[9] State ex rel. S.W. Communications, Inc. v. Bd. of Cty. Commrs.,Portage Cty., Ohio (Sept. 20, 1996), 11th Dist. Nos. 95-P-0137 and 95-P-0138, 1996 Ohio App. LEXIS 4117, at *7, fn. 4, quoting Gerl Const.Co. v. Medina Cty. Bd. of Commrs. (1985), 24 Ohio App.3d 59, 67.
[10] Id., citing Civ.R. 1.
[11] Ramsdell v. Ohio Civil Rights Comm. (1990), 56 Ohio St.3d 24, 27, citing Proctor v. Giles (1980), 61 Ohio St.2d 211.
[12] Id.
[13] See Galion v. Am. Fedn. of State, Cty. Mun. Emp., OhioCouncil 8, AFL-CIO, Local 2243, supra.
[14] Thomas v. Franklin Cty. Sheriff's Office (1998),130 Ohio App.3d 153, 156.
[15] Id.