[Cite as *Cleveland Browns Football Co., L.L.C. v. Antonio's Pizza, Inc.*, 2024-Ohio-1686.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CLEVELAND BROWNS FOOTBALL
COMPANY, L.L.C.,                         :

      Plaintiff-Appellee,          :

                           No. 113301

      v.                                    :

ANTONIO'S PIZZA, INC., ET AL.,           :

      Defendants-Appellants.       :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 2, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-23-978087

---

### *Appearances:*

Zashin & Rich Co., L.P.A., Stephen S. Zashin, and
Jonathan A. Rich, *for appellee.*

Flowers & Grube, Paul W. Flowers, and Kendra N. Davitt,
*for appellants.*

EILEEN T. GALLAGHER, J.:

{¶ 1} This cause came to be heard on the accelerated calendar pursuant to

App.R. 11.1 and Loc.R. 11.1. Defendant-appellant, Antonio's Pizza, Inc. ("API"),

appeals from the trial court's judgments following the confirmation of an arbitration

award in favor of plaintiff-appellee, Cleveland Browns Football Co. L.L.C. ("Plaintiff"). API raises the following assignments of error for review:

> 1. The trial court erred, as a matter of law, by refusing to exercise its inherent authority to vacate the judgment confirming an arbitration award that was void for lack of jurisdiction.
>
> 2. Alternatively, the trial court erred as a matter of law by denying the motion to vacate the order confirming the invalid arbitration award in accordance with R.C. 2711.10(D) and R.C. 2711.11(A) and (B).

{¶ 2} After careful review of the record and relevant case law, we affirm the trial court's judgment.

## I. Procedural and Factual History

{¶ 3} This appeal stems from a 2019-2020 Sponsorship Agreement entered into between the Cleveland Browns Football Company, L.L.C., and Antonio's Pizza, Inc., on March 13, 2019. The Sponsorship Agreement permitted API, as the sponsor, to use the Cleveland Browns' "sponsorship benefits" in exchange for an annual fee in the amount of $156,560. The agreement was executed by David A. Jenkins, the plaintiff's "EVP and Chief Operating Officer," and Vincent LoSchiavo ("Vincent"), a "Partner" of API. The record reflects that Vincent is the brother of API's authorized representative, Joe LoSchiavo ("J. LoSchiavo").

{¶ 4} Relevant to this appeal, the Sponsorship Agreement contains an arbitration clause, which provides as follows:

> 15. Governing Law; Dispute Resolution. This Agreement is subject to and shall be construed in accordance with the laws of the State of Ohio without regard to its choice of law provisions. Any controversy or claim arising out of or relating to this Agreement, or breach thereof, shall be settled by binding arbitration administered by the American Arbitration Association [("AAA")] in accordance with its commercial

arbitration rules, and judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction thereof. Any arbitration shall take place in Cuyahoga County, OH.

(Sponsorship Agreement, section 15.)

## A. Arbitration Proceedings

{¶ 5} On November 11, 2020, plaintiff filed notice of its intent to invoke the arbitration provision based upon API's alleged failure to pay fees in accordance with the terms of the Sponsorship Agreement. The demand for arbitration listed API as the respondent and sought damages in the amount of $156,560. The demand was later amended by plaintiff to include "all entities doing business as Antonio's Pizza or that otherwise benefited from the Agreement."

{¶ 6} On November 24, 2020, Charles V. Longo, Esq. ("Attorney Longo") filed an answering statement on behalf of API. The answering statement asserted as follows:

> The Sponsorship Agreement upon which the claims asserted in this matter are based, and which is attached to the Demand for Arbitration was not executed by [API]. The [AAA] lacks subject matter jurisdiction over the claims presented in this matter and lacks personal jurisdiction over [API]. [API] does not consent to the jurisdiction of the AAA or its authority to hear and/or adjudicate the claims presented in this matter. Therefore, the subject case should be dismissed.

{¶ 7} The basis of API's jurisdictional arguments stemmed from allegations that API was mistakenly named in the Sponsorship Agreement and that Vincent intended to enter into the agreement on behalf of La Famiglia Management & Distribution, Inc. ("La Famiglia"), which operates under the trademark name of "Antonio's Pizza."

**{¶ 8}** On October 7, 2021, Attorney Longo filed a motion, this time on behalf of La Famiglia, seeking an order dismissing the demand for arbitration or, in the alternative, an order reforming the Sponsorship Agreement to name "the real party in interest, La Famiglia, as Sponsor." Consistent with the claim raised in API's answering statement, La Famiglia stated as follows:

> In this case, the Cleveland Browns Football Company drafted the contract, mistakenly naming [API] as a party, instead of La Famiglia. After the contract was drafted, [Vincent], a non-lawyer, mistakenly signed the contract without noticing the improperly named party but intended to enter the contract on behalf of La Famiglia. Under Ohio law, it is axiomatic that any ambiguity or mistake in a contract must be construed against the party responsible for drafting the document. * * * The mistake, when construed against Claimant must result in, at the very least, substituting La Famiglia as the Sponsor.

**{¶ 9}** On December 28, 2021, the arbitrator issued an order denying the pending motions filed on behalf of the respondents. The arbitrator found, in relevant part:

> Based upon the parties' briefs, the Arbitrator finds that jurisdiction exists over Respondent, [API], for the simple reason that it is a signatory to the Sponsorship Agreement in question. That Agreement, as pointed out by [plaintiff], contains a mandatory arbitration clause consenting to arbitration administered by the [AAA] pursuant to its Commercial Rules. Accordingly, [API] is subject to the jurisdiction of this Arbitration.

The arbitrator further noted that "the intent issues raised" by API and La Famiglia would be resolved "at the hearing on the merits."

**{¶ 10}** The matter proceeded to a hearing before the arbitrator on August 29, 2022. At the conclusion of the proceeding, the arbitrator issued a decision, dated December 27, 2022, granting judgment in favor of plaintiff and against API in the

amount of $104,153.00.[1]  La Famiglia was not held liable under the terms of the Sponsorship Agreement.

## B. Common Pleas Court Proceedings

{¶ 11} On April 14, 2023, plaintiff filed an application with Cuyahoga County Court of Common Pleas, seeking an order confirming the arbitration award pursuant to R.C. 2711.09.  API did not contest the request for confirmation. Accordingly, on June 5, 2024, the trial court granted plaintiff's application and confirmed the arbitration award.  On July 28, 2023, a certification of judgment was issued by the clerk of courts in the amount of $104,153, plus interest and costs.

{¶ 12} On August 4, 2023, API filed a motion to vacate the order confirming the arbitration award "for lack of subject matter jurisdiction under R.C. 2711.09 or, in the alternative, as permitted by Civ.R. 60(B)(1) or (5)."  API argued the trial court lacked jurisdiction to confirm the award because plaintiff failed to provide timely notice of the arbitrator's decision and, therefore, the court was required to provide API "the opportunity to seek to vacate or modify the arbitrator's decision through R.C. 2711.10 and 2711.11."  Alternatively, API argued the confirmation order should be vacated pursuant to Civ.R. 60(B) because it was not a proper party to the Sponsorship Agreement.  Consistent with the claims raised in its answering statement, API maintained that plaintiff "misidentified [API] as the sole sponsor under the agreement" and that Vincent entered into the agreement exclusively on

---

[1] The copy of the decision included in this record is significantly redacted. Accordingly, the analysis supporting the arbitrator's conclusions of fact and law are not before this court.

behalf of La Famiglia. Thus, API asserted that it "was never a valid signatory to the Sponsorship Agreement and had never consented to jurisdiction before the [AAA]."

{¶ 13} API's motion to vacate the confirmation order was supported by (1) the affidavit of Attorney Longo; (2) a copy of API's answering statement filed with the AAA on November 24, 2020; (3) a copy of La Famiglia's October 7, 2021 motion to dismiss; (4) a copy of plaintiff's demand for arbitration; (5) the affidavit of J. LoSchiavo; (6) the affidavit of La Famiglia's certified public accountant, Stephen Sartschev ("Sartschev"); and (7) the affidavit of Vincent.

{¶ 14} Relevant to the issues posed in this appeal, Vincent's affidavit corroborated API's assertion that it was mistakenly named in the Sponsorship Agreement. Vincent averred, in relevant part:

> 2. On or around March 13, 2019, I signed the Sponsorship Agreement ("Contract") which was proposed by a representative of the Cleveland Browns Football Company, L.L.C., ("Browns") attached hereto as Exhibit 1.
>
> 3. The Browns drafted the Contract, which appears to be very similar to the first Sponsorship Agreement entered on August 10, 2017, which misnamed the Sponsor which I also understand was prepared by the Browns.
>
> 4. I am not a partner or shareholder of [API], an entity that is not related to or interested in the Contract.
>
> 5. I am a member/partner of [La Famiglia] which is the entity that should have been identified in the contract as the Sponsor.
>
> 6. Before signing the Contract, I did not recognize that the Browns mistakenly identified [API] as the Sponsor in the Contract.
>
> 7. I intended to enter the Contract on behalf of La Famiglia.

8. I had no intention to enter a contract on behalf of [API] and have not possessed authority to enter contracts on behalf of [API].

(Vincent aff. at ¶ 2-8.) Attorney Longo and Sartschev similarly averred that API and La Famiglia are distinct entities that are under different ownership, management, and control. (Attorney Longo aff. at ¶ 2; Sartschev aff. at ¶ 8.)

{¶ 15} On August 4, 2023, API separately filed a motion to vacate or modify the arbitration award pursuant to R.C. 2711.10 or 2711.11. Again, API maintained that it was not a party to the Sponsorship Agreement and, therefore, "the arbitrator exceeded his powers or imperfectly executed them by imposing damages against a non-party to the arbitration." Alternatively, API claimed that the trial court should modify the arbitration award to correct "an evident material mistake * * * as there was an unmistakable mix-up over which business had entered a contractual relationship with [plaintiff]."

{¶ 16} On September 1, 2023, plaintiff filed a brief in opposition to API's motions. In relevant part, plaintiff argued that API's motion to vacate or modify the arbitration award was untimely because it was filed beyond the statutory time frame set forth in R.C. 2711.13. Moreover, plaintiff argued that API's motion to vacate the confirmation order was equally meritless because API did not appeal from the trial court's judgment, and a Civ.R. 60(B) motion cannot be used as a substitute for a timely appeal. Finally, plaintiff argued that the trial court was limited to the record before the arbitrator and, therefore, API was not permitted to introduce new

evidence for the court's consideration, including affidavits that were not proffered during the arbitration proceedings.

{¶ 17} In support of its brief in opposition, plaintiff relied on (1) a copy of API's answering statement, wherein Attorney Longo represented that he was acting as counsel for "Respondent, [API]"; (2) an image from the AAA Portal Representatives Page, which listed Attorney Longo as the "Lead Representative" for API; (3) an email correspondence, dated December 17, 2022, notifying Attorney Longo of the attached Arbitrator's Award; (4) various letters sent to plaintiff by Attorney Longo on behalf of his "client," "[API]," regarding the "2020 Season Sponsorship Agreement"; and (5) the preliminary order of the arbitrator finding "jurisdiction exists over Respondent, [API]."

{¶ 18} On October 19, 2023, the trial court issued a journal entry denying API's pending motions, stating:

> The arbitration hearing in this matter was held on August 29, 2022. The arbitration award was issued on December 27, 2022 to all parties including defendant [API]. Pursuant to ORC Section 2711.13, "After an award in an arbitration proceeding is made, any party to arbitration may file a motion in the court of common pleas for an order vacating, modifying, or correcting the award * * *. Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is delivered to the parties in interest * * *." In [*Girard v. AFSCME Ohio Council 8, Local Union 3356*, 11th Dist. Trumbull No. 2003-T-0098, 2004-Ohio-7230], the Ohio Eleventh Appellate District held, "[T]he general definition of 'delivery' is the act by which the res or substance thereof is placed within the actual or constructive possession or control of another * * *[.] It is not necessary that delivery should be by manual transfer, e.g., "'deliver'" includes mail[.] * * * When an arbitration decision is delivered to the parties through the mail, the post-mark date is the most accurate and verifiable date to be used to determine when the

decision was 'delivered.'" In this case, the court finds that the delivery of the arbitration award to defendant [API] took place on or about December 27, 2022. Defendant [API] did not file a motion to vacate, modify, or correct the award within the three months mandated by ORC 2711.13. Defendant [API]'s motion to vacate or modify arbitration award filed on 08/04/23 and defendant [API]'s motion to vacate order confirming arbitration award filed on 08/04/23 are denied.

{¶ 19} API now appeals from the trial court's judgment.

## II. Law and Analysis

### A. Civ.R. 60(B)

{¶ 20} In the first assignment of error, API argues the trial court committed reversible error by denying its Civ.R. 60(B) motion for relief from judgment and by refusing to exercise its inherent authority to vacate the order confirming an arbitration award that was void for lack of jurisdiction.

{¶ 21} In this case, API sought relief from the trial court's confirmation order pursuant to Civ.R. 60(B). The rule delineates several reasons for which a party may obtain relief from a final judgment:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

{¶ 22} To prevail on a motion under Civ.R. 60(B), the movant is required to demonstrate that

> (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

*GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. Civ.R. 60(B) relief is not warranted if any one of the requirements is not satisfied. *State ex rel. Russo v. Deters*, 80 Ohio St.3d 152, 154, 684 N.E.2d 1237 (1997), citing *State ex rel. Richard v. Seidner*, 76 Ohio St.3d 149, 151, 666 N.E.2d 1134 (1996).

{¶ 23} An appellate court reviews a trial court's decision denying a Civ.R. 60(B) motion for an abuse of discretion. *State ex rel. Hatfield v. Miller,* 172 Ohio St.3d 247, 2023-Ohio-429, 223 N.E.3d 391, ¶ 8, citing *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 21, 520 N.E.2d 564 (1988); *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (1994). An abuse of discretion occurs when a trial court's decision is "unreasonable, arbitrary, or unconscionable." *State v. Hill*, 171 Ohio St.3d 524, 2022-Ohio-4544, 218 N.E.3d 891, ¶ 9, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 24} In its motion to vacate the trial court's confirmation order, API argued that it had a meritorious claim under R.C. 2711.10 and 2711.11 and was entitled to relief under Civ.R. 60(B)(1) or (5) based upon "plaintiff's 'mistake' of misidentifying API for La Famiglia in its Sponsorship Agreement and demand for arbitration[.]".

API further alleged that it requested relief under Civ.R. 60(B) within a reasonable amount of time of the confirmation order.

{¶ 25} "A common pleas court has jurisdiction to confirm an arbitration award pursuant to R.C. 2711.09." *Ohio Council 8 v. Cleveland*, 8th Dist. Cuyahoga No. 103354, 2016-Ohio-1128, ¶ 7. The statute provides that "[a]t any time within one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas for an order confirming the award." It follows with, "[t]hereupon the court shall grant such an order and enter judgment thereon, unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 and 2711.11 of the Revised Code." *Id.* "'The language of R.C. 2711.09 is mandatory. If no motion to vacate or modify an award is filed, the court must confirm an arbitration award given a timely motion under R.C. 2711.09.'" *Hughes v. Hughes*, 10th Dist. Franklin No. 19AP-865, 2020-Ohio-5026, ¶ 10, quoting *MBNA Am. Bank, N.A. v. Jones*, 10th Dist. Franklin No. 05AP-665, 2005-Ohio-6760, ¶ 14. As explained by the Ohio Supreme Court,

> It is thus clear that when a motion is made pursuant to R.C. 2711.09 to confirm an arbitration award, the court must grant this motion if it is timely, unless a timely motion for modification or vacation has been made and cause to modify or vacate is shown.

*Warren Edn. Assn. v. Warren City Bd. of Edn.*, 18 Ohio St.3d 170, 174, 480 N.E.2d 456 (1985).

{¶ 26} In this case, plaintiff filed its application for confirmation of the arbitration award on April 14, 2023, and the court granted the motion on June 5,

2023. At the time the confirmation request was before the court, API had not filed a timely motion to vacate, modify, or correct the arbitration award. Accordingly, the trial court was required to grant plaintiff's motion for a confirmation order pursuant to the unambiguous language of R.C. 2711.09.

{¶ 27} The record further reflects that API did not file an appeal from the trial court's confirmation order.[2] Instead, API filed the instant Civ.R. 60(B) motion. It is long established that when a party fails to file a timely appeal of a final appealable order, it waives the right to appeal any errors contained within the order. *E.g., Cornell v. Shain*, 1st Dist. Hamilton No. C-190722, 2021-Ohio-2094, ¶ 24, citing *In re Appropriation for Juvenile & Probate Div. for 1979*, 62 Ohio St.2d 99, 101, 403 N.E.2d 974 (1980); *Jordan v. Jordan*, 5th Dist. Delaware No. 15 CAF 08 038, 2015-Ohio-4261, ¶ 12; and *In re Bell*, 7th Dist. Noble No. 04 NO 321, 2005-Ohio-6603. *See also Heida v. R.M.S./Forest City Ents.*, 8th Dist. Cuyahoga No. 83908, 2004-Ohio-3875. Similarly, Ohio courts have routinely recognized that "[a] litigant cannot use a Civ.R. 60(B) motion for relief from judgment as a substitute for a timely appeal." *Hatfield*, 172 Ohio St.3d 247, 2023-Ohio-429, 223 N.E.3d 391, at ¶ 12, citing *Harris v. Anderson*, 109 Ohio St.3d 101, 2006-Ohio-1934, 846 N.E.2d 43, ¶ 9. *See also Doe v. Trumbull Cty. Children Servs. Bd.*, 28 Ohio St.3d 128, 502 N.E.2d

---

[2] R.C. 2711.15 states as follows: "An appeal may be taken from an order confirming, modifying, correcting, or vacating an award made in an arbitration proceeding or from judgment entered upon an award." Thus, an order that confirms, modifies, corrects, or vacates an arbitration award is appealable under R.C. 2711.15. *Buyer's First Realty Inc. v. Cleveland Area Bd. of Realtors*, 139 Ohio App.3d 772, 780, 745 N.E.2d 1069 (8th Dist.2000); *Binns v. Sterling Jewelers, Inc.*, 9th Dist. Summit No. 24522, 2009-Ohio-3359, ¶ 16.

605 (1986), paragraph two of the syllabus. "Civ.R. 60(B) exists to resolve injustices that are so great that they demand a departure from the strict constraints of res judicata." *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 15. "However, the rule does not exist to allow a party to obtain relief from his or her own choice to forgo an appeal from an adverse decision." *Id.*

{¶ 28} In this case, API attempted to utilize Civ.R. 60(B) to litigate arguments that were not previously raised before the trial court or in a timely appeal. Under these circumstances, we find the trial court properly denied API's Civ.R. 60(B) motion as an improperly filed substitute for a timely appeal. *See JP Morgan Chase Bank v. Loseke*, 8th Dist. Cuyahoga No. 111983, 2023-Ohio-1893, ¶ 23; *Guadalupe v. Minadeo*, 8th Dist. Cuyahoga No. 98077, 2012-Ohio-5071, ¶ 8 ("When a party merely reiterates arguments that concern the merits of the case and that could have been raised on appeal, relief under Civ.R. 60(B) is not available as a substitute for appeal.").

{¶ 29} API attempts to avoid the implications of the foregoing case law by suggesting that (1) the arbitrator "never possessed jurisdictional authority over [API]," (2) "the issue of whether a written arbitration clause existed between the parties is one of subject-matter jurisdiction," and (3) the "[l]ack of subject-matter jurisdiction may be raised at any stage of proceedings, including on appeal."[3] API does not dispute the jurisdiction of the trial court to grant the confirmation order.

---

[3] We note that, generally, "the authority to vacate a void judgment is not derived from Civ.R. 60(B), but rather constitutes an inherent power possessed by Ohio courts." *Patton v. Diemer*, 35 Ohio St.3d 68, 70, 518 N.E.2d 941 (1988).

Rather, API suggests that the arbitrator lacked jurisdiction to issue an award against an "unsuspecting non-signatory" who did not consent to the arbitration provision contained within the underlying contract.

{¶ 30} In support of its jurisdictional argument, API relies on this court's decision in *Teramar Corp. v. Rodier Corp.*, 40 Ohio App.3d 39, 40, 531 N.E.2d 721, 723 (8th Dist.1987). The dispute addressed in *Teramar* arose from a franchise agreement entered into between Teramar Corporation and Promafil Corporation in August 1978. The agreement was signed by Theresa Stakich ("Stakich") in her capacity as the president of Teramar Corporation. The franchise agreement contained a provision requiring the parties to arbitrate "any controversy or claim arising out of or relating to this agreement or the breach thereof." On the same date the franchise agreement was executed, Stakich separately signed another document entitled "guaranty," wherein she personally guaranteed Teramar Corporation's debts. The guarantee agreement did not contain an arbitration clause.

{¶ 31} In 1981, Promafil Corporation assigned its interest in the franchise agreement to Rodier Corporation. Thereafter, Rodier Corporation filed a demand for arbitration based on Teramar Corporation's alleged default. The matter proceeded to arbitration and an arbitration award was entered against Teramar Corporation and Stakich jointly and severally.

{¶ 32} In November 1985, Rodier Corporation filed a motion in the common pleas court seeking confirmation of the arbitration award. Stakich filed an objection to the application contending that the trial court did not have jurisdiction to confirm

an award against her.  In March 1986, the trial court affirmed the arbitration award against both Teramar and Stakich.

{¶ 33} On appeal, Stakich reiterated her argument that the trial court did not have jurisdiction to confirm the arbitration award absent a contract clause between the parties providing for arbitration.  Upon review, this court agreed with Stakich's interpretation of the underlying agreements and reversed the trial court's confirmation award.  In reaching this conclusion, this court noted that although there was an arbitration clause in the franchise agreement signed by Stakich in her professional capacity, there was no such clause in the guaranty signed by Stakich in her personal capacity.  *Id.* at 40.  This court explained that

> [w]hile Stakich was certainly aware of the provisions of the contract that she signed on behalf of Teramar, that does not mean that she understood that the arbitration clause of that contract applied with equal force to the separate guaranty agreement.  Under the circumstances, we hold that Stakich is not bound personally by the arbitration clause contained in the franchise agreement.

*Id.* at 41.

{¶ 34} The panel in *Teramar*, 40 Ohio App.3d 39, 40, 531 N.E.2d 721, 723 (8th Dist.1987), further concluded that Stakich did not waive her jurisdictional arguments by challenging the arbitrator's award outside the statutory-time period designated in R.C. 2711.13.  This court explained as follows:

> Lack of subject-matter jurisdiction may be raised at any stage in the proceedings, although not previously asserted in the action, including raising it for the first time on appeal.  Thus, an allegation that the arbitration panel lacked jurisdiction, based upon the absence of an arbitration clause requisite for the exercise of the panel's jurisdiction,

is not waived by the failure to assert it within three months of the delivery of the award.

*Id*. at 41-42.

{¶ 35} After careful consideration, we find the circumstances addressed in *Teramar* to be distinguishable from those presented in this matter. In *Teramar*, the limited issue before this court was whether the arbitration panel had jurisdiction over an individual who executed a franchise agreement on behalf of a corporation. This court reasoned that the corporation's president was not personally bound by the agreement's binding arbitration provision because she was not a party to the contract. Tellingly, this court only addressed the portion of the arbitration award rendered against Stakich. *Id*. at 40. The parties did not dispute that Teramar Corporation, the named party in the franchise agreement, was subject to the mandatory arbitration provision and the judgment of the arbitration panel.

{¶ 36} This case does not concern the liability of the individual who executed the Sponsorship Agreement on behalf of API or whether the AAA had jurisdiction over that person in their personal capacity. Rather, API's obligations as a named party to the Sponsorship Agreement are more akin to Teramar Corporations obligations as the named party in the franchise agreement assessed in *Teramar*. Here, there is no dispute that (1) API is designated as the "Sponsor" in the executed Sponsorship Agreement, (2) API is the named corporation on the Sponsorship Agreement's signatory page, (3) the Sponsorship Agreement contains an unambiguous arbitration clause that granted the AAA exclusive jurisdiction of any

and all claims arising from the agreement, (4) API received timely notice of plaintiff's demand for arbitration, and (5) API filed an answering statement in response to the arbitration demand. As recognized by the arbitrator, the four corners of the Sponsorship Agreement demonstrated that the AAA had both subject matter jurisdiction over the case and personal jurisdiction over API as the designated sponsor.[4] Whether Vincent had the authority to execute the Sponsorship Agreement on behalf of API and whether API was mistakenly named in the agreement concerned issues of material fact to be resolved by the arbitrator on their merits. *See Sebold v. Latina Design Build Group, L.L.C.*, 2021-Ohio-124, 166 N.E.3d 688, ¶ 39 (8th Dist.) ("'This court has repeatedly held that "in the face of a valid arbitration clause, questions regarding the validity of the entire contract must be decided in arbitration."'"), quoting *Wisniewski v. Marek Builders, Inc.*, 2017-Ohio-1035, 87 N.E.3d 696, ¶ 37 (8th Dist.) (Keough, J., dissenting), citing *Coble v. Toyota of Bedford*, 8th Dist. Cuyahoga No. 83089, 2004-Ohio-238, ¶ 20, quoting *Weiss v. Voice/Fax Corp.*, 94 Ohio App.3d 309, 313, 640 N.E.2d 875 (1st Dist.1994); *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.* 473 U.S. 614, 626, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985); *see also Assn. of Cleveland Fire Fighters, Local 93 of the Internatl. Assn. of Fire Fighters v. Cleveland*, 8th Dist. Cuyahoga No. 94361, 2010-Ohio-5597, ¶ 10 ("Where a contract contains an arbitration clause * * * defenses addressed to the contract itself must be decided by the arbitrator.").

---

[4] Because API was unambiguously named as the "Sponsor" in the Sponsorship Agreement, its reliance on cases discussing a court's inherent authority to vacate arbitration awards entered against "non-signatories" is equally unpersuasive.

{¶ 37} Based on the foregoing, we reject API's assertion that the arbitrator's award was "jurisdictionally void." Although cloaked in jurisdictional terms, API is merely attempting to challenge the weight of the arbitrator's judgment by raising liability defenses that were previously rejected during the arbitration proceedings and could have been raised in a timely motion under R.C. 2711.13 or an appeal from the confirmation order.

{¶ 38} The first assignment of error is overruled.

## B. R.C. 2711.10 and 2711.11

{¶ 39} In the second assignment of error, API argues the trial court committed reversible error by denying the motion to vacate the confirmation order pursuant to R.C. 2711.10 and 2711.11. API contends that the arbitrator exceeded its authority by issuing a judgment against a nonsignatory to the Sponsorship Agreement. API further contends that its motion was timely filed in compliance with R.C. 2711.13 because it did not receive notice of the arbitrator's decision until May 4, 2023.

{¶ 40} To encourage the resolution of disputes in arbitration, judicial review of arbitration awards is limited. *Franklin Cty. Sheriff v. Teamsters Local No. 413*, 2018-Ohio-3684, 120 N.E.3d 413, ¶ 17 (10th Dist.). "R.C. Chapter 2711 provides the exclusive statutory remedy which parties must use in appealing arbitration awards to the courts of common pleas." *Galion v. Am. Fedn. of State, Cty. & Mun. Emps., Ohio Council 8, AFL-CIO, Local No. 2243*, 71 Ohio St.3d 620, 646 N.E.2d 813 (1995), paragraph two of the syllabus. Pursuant to R.C. 2711.13, "[a]fter an award in an

arbitration proceeding is made, any party to the arbitration may file a motion in the court of common pleas for an order vacating, modifying, or correcting the award as prescribed in sections 2711.10 and 2711.11 of the Revised Code."

{¶ 41} R.C. 2711.10 provides that a court may vacate an arbitration award under the following circumstances:

(A) The award was procured by corruption, fraud, or undue means.

(B) There was evident partiality or corruption on the part of the arbitrators, or any of them.

(C) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

(D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

{¶ 42} In turn, R.C. 2711.11 permits a trial court to modify an arbitrator's award if:

(A) There was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award;

(B) The arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matters submitted;

(C) The award is imperfect in matter of form not affecting the merits of the controversy.

{¶ 43} Relevant to this appeal, R.C. 2711.13 further sets forth the time period in which a motion to vacate, modify, or correct an arbitration award must be filed. The statute provides that "notice of a motion to vacate, modify, or correct an award

must be served upon the adverse party or his attorney within three months after the award is delivered to the parties in interest[.]" *Id*. The Ohio Supreme Court has recognized that "the language of R.C. 2711.13 is clear, unmistakable and, above all, mandatory." *Galion,* 71 Ohio St.3d 620, 646 N.E.2d 813 (1995), at 622. Thus,

> R.C. 2711.13 provides a three-month period within which a party must file a motion to vacate, modify, or correct an arbitration award under R.C. 2711.10 or 2711.11. If an application is filed after this period, the trial court lacks jurisdiction.

*Id.*

{¶ 44} As used in R.C. 2711.13, the term "delivered" is not defined by the statute. Thus, it must be given its plain and ordinary meaning. *Kimble v. Kimble*, 97 Ohio St.3d 424, 2002-Ohio-6667, 780 N.E.2d 273, ¶ 6 citing *Sharp v. Union Carbide Corp.*, 38 Ohio St.3d 69, 70, 525 N.E.2d 1386 (1988), and R.C. 1.42. Relevant to this case, Ohio courts have made the following observations regarding the term "delivered":

> A review of the definition of "'delivery'" in Black's Law Dictionary reveals the term is used in several different contexts, including: actual delivery, constructive delivery, absolute delivery, and conditional delivery. However, the general definition of "'delivery'" is: "[t]he act by which the res or substance thereof is placed within the actual or constructive possession or control of another. * * * What constitutes delivery depends largely on the intent of the parties."

*Girard v. AFSCME Ohio Council 8, Local Union 3356*, 11th Dist. Trumbull No. 2003-T-0098, 2004-Ohio-7230, ¶ 13; *Beaver v. Beaver*, 4th Dist. Pickaway No. 18CA5, 2018-Ohio-4460, ¶ 27.

{¶ 45} In this case, the arbitrator's award was issued on December 27, 2022. The written decision was delivered by the AAA to all counsel of record, including

Attorney Longo, in an electronic correspondence dated December 27, 2022. Applying the plain meaning of the term, we deem the arbitrator's award as being "delivered" to API as of December 27, 2022. See *Mun. Constr. Equip. Operators' Labor Council v. Cleveland*, 197 Ohio App.3d 1, 2011-Ohio-5834, 965 N.E.2d 1040, ¶ 24 (8th Dist.) ("We conclude that the [arbitrator's] decision was rendered when it was transmitted by the arbitrator via email."). API did not file its motion to vacate or modify the award until August 4, 2023 – well after the time period designated in R.C. 2711.13 had expired. Because (1) the arbitrator had jurisdiction over API and plaintiff's claims under the Sponsorship Agreement; and (2) API failed to file its motion to vacate or modify the arbitrator's award within the required three-month period, we find the trial court appropriately denied the motion to vacate or modify the arbitration award.

{¶ 46} The second assignment of error is overruled.

{¶ 47} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, P.J., and
EMANUELLA D. GROVES, J., CONCUR