[Cite as *Feed Fat Co., L.L.C. v. Custom Agri Sys., Inc.*, 2025-Ohio-897.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| FEED FAT COMPANY, LLC | : | |
| d/b/a ORIGO, | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Robert G. Montgomery, J. |
| | : | Hon. Kevin W. Popham, J. |
| -vs- | : | |
| | : | |
| CUSTOM AGRI SYSTEMS, INC., | : | Case No. 24-COA-031 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:                    Appeal from the Ashland County
                                            Court of Common Pleas,
                                            Case No. 24-CIV-038

JUDGMENT:                                   Reversed

DATE OF JUDGMENT:                           March 14, 2025

APPEARANCES:

For Defendant-Appellant                     For Plaintiff-Appellee

DAVID R. HUDSON                             ERIC T. MICHENER
CLINTON J. WASSERMAN                        GAGE T. RIGHTER
Reminger Co., LPA                           Critchfield, Critchfield &
One SeaGate, Suite 1600                      Johnston, Ltd.
Toledo, OH  43604                           225 North Market Street
                                            P.O. Box 599
                                            Wooster, OH  44691

*Montgomery, J.*

## STATEMENT OF THE FACTS AND THE CASE

**{¶1}** On January 2, 2018, MBH Acres, LLC ("MBH") and Custom Agri Systems, Inc. ("CAS") executed a Written Estimate/Contract ("Contract") for the construction of a commercial agricultural facility located in Ashland, Ohio ("the Project"). A Supplement to Construction Contract ("Supplement") was executed on January 3, 2018. (The Contract and Supplement will be collectively referred to as the "Agreement".) At the time of the agreement, MBH did not provide CAS with complete drawings, plans or specifications for the Project. Michael Hippert, who served as the CEO of MBH and the general contractor for the Project, provided an explanation to CAS of the Project. Michael Hippert is also the CEO of Origo. Origo is the entity that would ultimately be running the business upon completion of the Project.

**{¶2}** CAS began work on the Project on March 23, 2018. The Agreement originally set a completion date of June 30, 2018. On April 2, 2018, CAS advised MBH that the scope of the Project far exceeded the Agreement and the June 20, 2018, completion date was not feasible. MBH and CAS did not formalize a new agreement but utilized fourteen (14) change orders to encompass the work requested and the work that was performed outside the scope of the Project. The Project and work performed outside the Project was completed on or about June 6, 2019.

**{¶3}** Origo filed a complaint in the Ashland County Common Pleas Court asserting breach of contract against CAS as an alleged third-party beneficiary to the Agreement between MBH and CAS. Origo is seeking over $2 million in "lost profits".

**{¶4}** MBH, CAS, and Origo agreed to arbitrate the dispute pursuant to the terms of the Agreement. CAS moved for summary judgment arguing that Origo was not entitled to damages under the Agreement because Origo is a third-party beneficiary. Origo argued that there is a direct conflict between Section 7 of Contract and Section 7 of the Supplement. Origo argued that pursuant to Section 10 of the Supplement, Section 7 of the Supplement supersedes Section 7 of the Contract.

**{¶5}** The three provisions of the Agreement at issue are:

Section 7 of the Contract:

In no event shall contractor and its subcontractors be liable to customer or another party for incidental, special, exemplary, punitive or consequential damages, including loss of income or profits, lost revenues or any economic loss, whether such customer or party has been advised of the possibility of such damage, and whether any claim for recovery is based on the theories of contract, warranty, tort (including negligence or strict liability) or otherwise. In no event shall contractor's and its subcontractors' aggregate liability to customer and any third party in connection with the contract, for all other damages, exceed the project total contract price. The remedies stated in this contract are exclusive.

Section 7 of the Supplement:

Indemnification. Contractor hereby releases Customer, its members, managers, partners, affiliates, employees, managers, representatives, agents, successors, and assigns, and agrees to defend, indemnify and hold harmless Customer, its members, managers, partners, affiliates,

employees, representatives, agents and successors, and assigns, for and against all claims, causes of actions willful misconduct or gross negligence. Without limiting the generality, demands, judicial and administrative proceedings, losses, liabilities, damages, costs and expenses, *** Notwithstanding the foregoing, this provision shall not apply to such claims that are caused by Customer's willful misconduct or gross negligence. Without limiting the generality of the foregoing, Contractor further agrees to indemnify Customer, its members, managers, partners, affiliates, employees, representatives, agents and successors, and assigns, against and hold and save Customer, its members, managers, partners, successors, and assigns, against and hold and save Customer, its members, managers, partners, affiliates, employees, managers, representatives, agents, successors, and assigns harmless from any and all claims, causes of action, fines, costs, expenses **** arising or resulting from, in conjunction with, or due to: (i) any act or omission of Contractor, its officers, employees, contractors, or servants which results in (A) injury to or death of person, including employees of Contractor, (B) damage to any property, (C) defects of materials or workmanship required under the Construction Contract ***; or (D) lack of full and strict compliance by Contractor's employees, agents, materialmen and subcontractors with all safety, civil rights and equal employment opportunity ****; or (iii) [sic] breach of any covenant or agreement contained in the Construction Contract or this Supplement or misrepresentation of any material fact or

omission concerning the Construction Contract, this Supplement, or the Project.

Section 10 of the Supplement:

<u>Construction Contract.</u> Notwithstanding any term or condition to the contrary contained in the Construction Contract or otherwise, any and all terms and conditions set forth in this Supplement shall (a) supplement the Construction Contract to the extent any term or condition set forth here that is not set forth in the Construction Contract; (b) override, amend, revise, change, modify, replace, and restate any and all terms and or conditions contained in the Construction Contract that conflicts, in any respect, with any term or condition contained herein and (c) be incorporated into and made a part of the Construction Contract.

**{¶6}** The arbitrator granted summary judgment in favor of CAS on November 29, 2023, finding that the Agreement between MBH and CAS was unambiguous and precluded claims by an alleged third-party beneficiary, including Origo. The arbitrator specifically found that there was no genuine issue of material fact pertaining to Origo's status as a third-party beneficiary. (*Order as to Respondent CAS's Motion for Summary Judgment*, p.4)

**{¶7}** Origo filed a *Motion for Reconsideration*. Upon reconsideration of his decision, the arbitrator stated that he reviewed his notes, the original ruling and the recent briefs submitted by the parties, but his ruling is unchanged. The arbitrator issued an Order as to [Origo's] Motion for Reconsideration holding that "the reason for the Arbitrator's original decision is the Arbitrator concluded that the Indemnification provision in the

Supplement did not conflict with Section 7 of the Agreement". (*Order as to Claimant's Motion for Reconsideration* pg.1)

**{¶8}** Origo filed a *Motion to Vacate Arbitrator's Award Pursuant to R.C. 2711.10* in the Ashland County Court of Common Pleas on February 28, 2024. The case came before a magistrate who found that the arbitrator's interpretation of the Agreement did not conflict with its' express terms and the arbitrator's decision can be rationally derived from the terms of the Agreement.

**{¶9}** Origo timely filed *Objections to the Magistrate's Decision*. The trial court overruled the magistrate's decision finding that the issue before the court was whether the Agreement expressly provides Plaintiff (Origo) with an accrued right to indemnification once it suffers a loss thereby allowing Plaintiff (Origo) to directly pursue a cause of action against Defendant (CAS) and issued a Judgment Entry on August 13, 2024 that granted Origo's *Motion to Vacate the Arbitrator's Award.*

**{¶10}** Appellant (CAS) appeals the Judgment Entry filed August 13, 2024 in the Ashland County Common Pleas Court and asserts the following assignments of error:

**{¶11}** "THE TRIAL COURT ABUSED ITS AUTHORITY IN VACATING THE ARBITRATOR'S AWARD BASED ON FINDING AN "EXPRESS CONFLICT" IN THE ARBITRATOR'S INTERPRETATION OF THE AGREEMENT BETWEEN MBH ACRES, LLC AND DEFENDANT-APPELLANT CUSTOM AGRI SYSTEM, INC.

**{¶12}** THE TRIAL COURT ERRED IN DETERMINING THAT SECTION 7 OF THE SUPPLEMENT EXPRESSLY CONFLICTS WITH SECTION 7 OF THE CONTRACT, IN GRANTING PLAINTIFF-APPELLEE FEED FAT COMPANY D/B/A ORIGO'S MOTION TO VACATE ARBITRATOR'S AWARD PURSUANT TO R.C. 2711.10.

**{¶13}** THE TRIAL COURT ERRED IN DETERMINING THAT THE GENERAL INDEMNIFICATION PROVISION ALLOWS FOR A DIRECT ACTION BROUGHT BY PLAINTIFF-APPELLEE FEED FAT COMPANY, LLC. A PURPORTED THIRD-PARTY BENEFICIARY ASSERTING A "LOST PROFIT" CLAIM, DESPITE THE EXPRESS PRECLUSION IN THE AGREEMENT BETWEEN MBH ACRES, LLC AND CUSTOM AGRI SYSTEMS, INC."

## STANDARD OF REVIEW

{¶14} Pursuant to R.C. 2711.15, "An appeal may be taken from an order confirming, modifying, correcting, or vacating an award made in an arbitration proceeding or from judgment entered upon an award." An appellate court's review under this statute is confined to the trial court's order and does not include a review of the original arbitration. *Warren Educ. Assn, 18 Ohio St. 3d at 173-174, citing Lockart v Am. Res. Ins. Co.*, 2 Ohio App.3d 99, 101 (8th Dist.1981).

{¶15} "When reviewing a decision of a common pleas court * * * vacating * * * an arbitration award, an appellate court should accept findings of fact that are not clearly erroneous but decide questions of law de novo". *Portage Cty. Bd. Of Developmental Disabilities, 2018-Ohio-1590, syllabus.* Whether an arbitrator has exceeded his or her authority is a question of law. *Id.* at 25. An appellate court's de novo review of the existence of statutory grounds under R.C. 2711.10(D) is not a de novo review of the merits of the dispute as presented to the arbitrator. *Zeck v. Smith Custom Homes & Design, LLC, 2022-Ohio-622, 12* (8th Dist.)

{¶16} A trial court can only vacate an arbitration award under certain circumstances. Subsection (D) of R.C. 2711.10 states that a court shall vacate an award if the "arbitrators exceed their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made".

## ANALYSIS

{¶17} Judicial deference in arbitration cases is based on recognition that the parties have agreed to have their dispute settled by an arbitrator rather than the courts and "to accept the arbitrator's view of the facts and the meaning of the contract regardless

of the outcome of the arbitration". *United Paperworkers Internatl. Union v. Misco, Inc., 484 U.S. 29, 37-38. (1987).*

**{¶18}** The trial court may not substitute its judgment for that of the arbitrator except in very limited circumstances. A reviewing court has a very limited role in reviewing a binding arbitration award. *Madison Local School Dist. Bd. Of Edn. V OAPSE/AFSCME Local 4, 2009-Ohio-1315, paragraph 9 (11th Dist.)* The arbitrator is the final judge of both the law and the facts, and a court may not substitute its judgment for that of the arbitrator. Id. The *Madison* court went on to say that "when a provision in an arbitration agreement is subject to more than one reasonable interpretation, an arbitrator's interpretation, rather than that of the reviewing court, governs the rights of the parties".

**{¶19}** The trial court and the arbitrator interpreted the Agreement differently. The trial court found that "Section 7 of the Supplement to Construction Contract conflicts with Section 7 of the original January 2, 2018 agreement. *Page 5 of Judgment Entry*. The arbitrator found that "the language of the Contract was not ambiguous." *Arbitrator's November 29, 2023 Order, page 4.* The arbitrator went on to state that "Respondent is entitled to judgment as a matter of law and that there is no genuine issue of material fact pertaining to Origo's status as a third-party beneficiary to the Contract – such status is precluded by the unambiguous language of the Contract". *Id.* In applying the language of the *Madison* case, the Agreement in this case is subject to two different interpretations and the trial court, as the reviewing court, should have accepted the arbitrator's interpretation of the Agreement.

**{¶20}** A trial court shall vacate an arbitration award under certain circumstances. R.C. 2711.10(D) states that a court shall vacate an award if the "arbitrators exceeded

their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made".

**{¶21}** Looking at Appellant's first assignment of error, the court finds that in the case at hand, the trial court found that, "In deciding the Plaintiff's Motion to Vacate Arbitrator's Award, the Court's role is to determine whether the Arbitrator's decision conflicts with the express terms of the agreement or whether the award is without rational support or cannot be rationally derived from the terms of the agreement". Citing Cedar Fair, L.P. v Falfas, 140 Ohio St. 3d 447, 449 (2014) (Pg 3 of JE). The trial court relied upon this standard of review in finding that "the Arbitrator's November 29, 2023 decision conflicts with the express terms of the agreement." *Judgment Entry p.5.*

**{¶22}** The trial court did not make a finding that the Arbitrator exceeded his powers or that he imperfectly executed them. The trial court did not find the arbitrator's award was not rationally supported. The arbitrator stated in his decision that he had reviewed the briefs, depositions, and exhibits before issuing his judgment. *Arbitrator's January 8, 2024 decision.* The trial court vacated the arbitrator's award solely on its interpretation that "the award conflicted with the express terms of the Agreement". *Judgment Entry p.5.* The trial court substituted its' interpretation of the Agreement for that of the arbitrator. In doing so, the trial court did not give judicial deference to the arbitrator's award and erroneously vacated the award.

**{¶23}** In analyzing Appellant's second assignment of error, the trial court reviewed Section 7 of the Contract and Section 7 of the Supplement and found that these two sections conflicted. The trial court went on to find that the conflict between these two sections warranted vacating the arbitrator's award. *Judgment Entry p.5.*

**{¶24}** The trial court's role in determining whether an arbitration award should be vacated is set out in R.C. 2711.10 which states:

In any of the following cases, the court of common pleas shall make an order vacating the award upon the application of any party to the arbitration if:

(D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.

**{¶25}** The trial court recognized that the arbitrator found that Section 7 of the Contract and Section 7 of the Supplement speak to legally distinct rights. The trial court also recognized that the magistrate supported the arbitrator's award. However, the trial court interpreted the Agreement to say that Section 7 of the Supplement conflicts with Section 7 of the Contract. The trial court's August 13, 2024 Judgment Entry is the first time that a reviewing body determined that the two sections were in conflict. The trial court in this case substituted its' judgment for that of the arbitrator and came to a different conclusion. "The fact that the common pleas court may have arrived at a different conclusion than did the arbitrator is immaterial". Motor Wheel Corp. V. Goodyear Tire & Rubber Co., 98 Ohio App.3d 45, 52, 647 N.E. 2d 844 (8th Dist. 1994). Finding a direct conflict between Section 7 of the contract and Section 7 of the Agreement is not a basis for the trial court to vacate the arbitrator's award pursuant R.C. 2711.10(D).

**{¶26}** In analyzing Appellant's third assignment of error, the trial court erred in it's findings regarding the issue of indemnification. The trial court substituted it's judgment for that of the arbitrator and should not have made a finding regarding indemnification. The

issue at hand is not whether the trial court would have arrived at a different conclusion when reviewing an arbitrator's decision. The trial court shall only vacate an arbitrator's award pursuant to R.C. 2711.10.

## CONCLUSION

**{¶27}** Based on the foregoing, Appellant's first, second and third assignments of error are sustained, and the decision of the trial court is reversed.

By: Montgomery, J.

Hoffman, P.J. and

Popham, J. concur.