[Cite as *Elon Property Mgt. Co., L.L.C. v. Shif Rockside Place, L.L.C.*, 2026-Ohio-735.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

ELON PROPERTY MANAGEMENT   :
COMPANY, LLC,

     Plaintiff-Appellant,     :

                                No. 115087
     v.                  :

SHIF ROCKSIDE PLACE LLC, ET AL.,   :

     Defendants-Appellees.     :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** March 5, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-24-108774

---

### *Appearances:*

Singerman, Mills, Desberg & Kauntz Co., L.P.A., and
Christopher O'Connell, *for appellant.*

KATHLEEN ANN KEOUGH, J.:

### I. Factual and Procedural History

{¶ 1} On December 13, 2024, appellant Elon Property Management Company, LLC ("Elon") filed an application for an order confirming an arbitration award, naming appellees Shif Rockside Place LLC, Shif Sherwood Village LLC, Shif Riviera LLC, Shif Evergreen Village Townhomes LLC, Shif Cedar Ridge LLC, and

Shif Britford LLC (collectively "Shif" or "Shif entities"). The application asked that the court confirm the award and enter judgment with interest and costs. Pertinent to this appeal, the arbitration ruling attached as exhibit No. 1 dated July 26, 2024, that was attached to the application provides that "Mr. Kutner of NYC owes Elon $342,485.43 due immediately." But the ruling delineates all the named Shif entities as separate entities who had contracted with Elon and agreed to settle these disputes via arbitration. Also attached to the application was an addendum to the arbitration ruling dated December 6, 2024, providing that "[p]oint 3 of the ruling states 'Mr. Kutner of NYC owes Elon $342,485.43 due immediately. All other claims are rejected.' As per documentation provided during the course of the sessions, below is a breakdown of the aforementioned total." The addendum specified the following amounts "owed to Elon":

Shif Rockside Place LLC: [$]143,298.16

Shif Sherwood Village LLC: [$]11,712.41

Shif Riviera LLC: [$]45,081.83

Shif Evergreen Village Townhomes LLC: [$]52,580.68

Shif Cedar Ridge LLC: [$]36,061.58

Shif Britford LLC: [$]54,462.22

{¶ 2} The application attached the underlying contract between Elon and each of the Shif entities; though Elon attached only one of these contracts, Elon represented that the contracts between Elon and the Shif entities were the same as the single one attached to the application. Despite the court's docket indicating

service to the addresses in the complaint, none of the Shif entities ever appeared to respond to, answer, or otherwise contest the complaint.

{¶ 3} After a telephone conference, the court entered an order and judgment entry confirming the arbitration award for the amounts listed above. Shif timely filed an appeal from this order, which was assigned CA-25-114915 ("the First Appeal"). On February 14, 2025, the clerk issued a certificate of judgment. On March 13, 2025, Shif filed a combined motion for relief from judgment and to vacate the February 14, 2025 judgment. Consequently, Shif filed a motion in the First Appeal for a remand to the trial court to rule on the motion for relief from judgment and to vacate.

{¶ 4} The motion for relief and to vacate pertinently argued that none of the Shif entities participated in the arbitration and argued that there was no award for the court to affirm because these individual parties were not parties to the arbitration. Shif argued that the true party owing these amounts to Elon was North York Capital, a real estate company that participated in arbitration. The motion was supported by (1) an engagement letter agreeing to submit to binding arbitration, signed by three individuals designated as plaintiffs: Shmuel Moerman, Nathan Weldler, and Moshe Gelfond, North York Capital who was designated as the defendant; and (2) residential property management agreements between Belvoir Ridge Apartments I, LLC and Elon; Shif Cedar Ridge LLC and Elon; and Shif Riviera LLC and Elon whereupon Dovi Kutner, the defendant party to the arbitration, was the representative and/or agent that signed on behalf of the respective Shif entities.

{¶ 5} Elon responded that Shif's motion was untimely and countered that Elon and North York Capital were not arbitrating any contract between the two entities. Elon argues that there were never any alleged contractual agreements or disputes between Elon and North York Capital that would be addressed at the arbitration — only between Elon and each of the Shif entities and that North York Capital was part of this umbrella of companies, as indicated by the final arbitration ruling. Elon's motion was supported by the full arbitration brief and included all exhibits attached thereto. Notably, the first sentence of the arbitration brief provides that "North York . . . owns and operates multiunit residential real estate properties. . . .This case arises out of North York's acquisition of seven residential properties and their subsequent hiring of Elon Management Company to take over the operation of these properties." The brief then lists the addresses associated with all of the named Shif entities.

{¶ 6} On April 16, 2025, the court vacated the February 14, 2025 judgment without issuing an opinion. Elon timely brought the following appeal, assigning as error that the trial court erred in granting Shif's motion to vacate the judgment. Consequently, Shif voluntarily dismissed the First Appeal because this judgment in its favor rendered the First Appeal moot.

## II. Law and Analysis

{¶ 7} At the outset, we note that the trial court granted Shif's combined motion to vacate the arbitration award pursuant to R.C. 2711.13 and for relief from judgment pursuant to Civ.R. 60(B). The trial court's order grants the combined

motion but does not detail the rationale, so it is unclear from the record whether relief was granted pursuant to Shif's arguments under R.C. 2711.13 or Civ.R. 60(B). The parties have briefed the judgment under both R.C. 2711.13 and Civ.R. 60(B), and as such we have evaluated Shif's claims under both. We have determined that the mechanism under which the combined motion was granted is irrelevant in this case because we find that granting relief was improper under both R.C. 2711.13 and Civ.R. 60(B).

## A. R.C. 2711.13 — Motion to Vacate

{¶ 8} Ohio law favors and encourages arbitration, so courts have limited authority to vacate an arbitrator's award. *Fraternal Order of Police Capital City Lodge No. 9 v. Reynoldsburg*, 2013-Ohio-1057, ¶ 22 (10th Dist.). R.C. 2711.13 provides that "[a]fter an award in an arbitration proceeding is made, any party to the arbitration may file a motion in the court of common pleas for an order vacating, modifying, or correcting the award[.]" The section further provides that the notice of a motion to vacate "must be served upon the adverse party or his attorney within three months after the award is delivered to the parties in interest, as prescribed by law for service of notice of a motion in an action." This requirement is both mandatory and jurisdictional; "[i]f an application is filed after this period, the trial court lacks jurisdiction." *Galion v. Am. Fedn. & Mun. Emps., Ohio Council 8, AFL-CIO, Local No. 2243*, 71 Ohio St.3d 620, 622 (1995). When reviewing a decision to vacate an arbitration award, the appellate court should accept findings of fact that are not clearly erroneous but decide questions of law de novo. *Portage Cty. Bd. of*

*Dev. Disabilities v. Portage Cty. Educators' Assn. for Dev. Disabilities*, 2018-Ohio-1590, ¶ 13.

{¶ 9} Here, Elon argues that the motion to vacate the arbitration award was filed more than three months after the award was delivered to the parties. Shif counters that it did not receive "notice of the judgment" until March 11, 2025. The plain text of R.C. 2711.13 provides that the motion must be made within three months "after the award is delivered." Though not defined in the statute, this court has observed that "delivered" depends on the intent of the parties and has held that an arbitration award was "delivered" on the date that the award itself was emailed to all counsel of record. *Cleveland Browns Football Co. v. Antonio's Pizza, Inc.*, 2024-Ohio-1686, ¶ 44 (8th Dist.). In Elon's brief in opposition to Shif's motion, it attached an email demonstrating that the addendum, specifying the amounts owed to each of the individual Shif entities, was emailed to counsel for both parties to the arbitration on December 9, 2024. Elon filed its application to confirm the arbitration award shortly thereafter on December 13, 2024. As already discussed, Shif did not oppose or otherwise respond to the application or file a motion under R.C. 2711.13.

{¶ 10} "[I]t is thus clear that when a motion is made pursuant to R.C. 2711.09 to confirm an arbitration award, the court must grant this motion if it is timely, unless a timely motion for modification or vacation has been made and cause to modify or vacate is shown." *Warren Edn. Assn. v. Warren City Bd. of Edn.*, 18 Ohio St.3d 170, 174 (1985). Because Shif failed to file a timely motion contesting or

opposing the application pursuant to R.C. 2711.13, the trial court was required to confirm the arbitration award.

{¶ 11} We accordingly find that the trial court erred in vacating the confirmation of award when it did not have jurisdiction over this matter due to the expiration of the statutory timeframe.

## B. Civ.R. 60(B) Motion for Relief from Judgment

{¶ 12} Shif's combined motion also included arguments pursuant to Civ.R. 60(B). In their motion, Shif argued that they were entitled to relief pursuant to Civ.R. 60(B)(1), (3), and (5); they generally argue, as above, that they did not participate in the arbitration and that Elon fraudulently "misrepresented the award addendum . . . to make it appear as though Defendants participated in an arbitration." Shif further made arguments analyzing the text of each contractual agreement, including application of New Jersey law and the common pleas court's jurisdiction.

{¶ 13} "R.C. Chapter 2711 provides the exclusive statutory remedy which parties must use in appealing arbitration awards to the courts of common pleas." *Galion*, 71 Ohio St.3d at paragraph two of the syllabus. And "the vacation, modification, or correction of an award may only be made on the grounds listed in R.C. 2711.10 and 2711.11. . . . The jurisdiction of the courts to review arbitration awards is thus statutorily restricted; it is narrow and it is limited." *Wilson*, 18 Ohio St.3d at 174; *Feed Fat Co., LLC v Custom Agri Sys., Inc.*, 2025-Ohio-897, ¶ 26 (5th Dist.).

{¶ 14} Shif's Civ.R. 60(B) motion contains arguments for vacating the arbitration award, which is an improper use of Civ.R. 60(B) because these arguments should have and could have only been asserted in a timely motion filed pursuant to R.C. 2711.13. A Civ.R. 60(B) motion may not be used to circumvent the statutory jurisdictional requirements of R.C. 2711.13. *See Cleveland Police Patrolmen's Assn. v. Cleveland*, 2021-Ohio-702, ¶ 17 (8th Dist.), citing *FOP, Ohio Labor Council v. Halleck*, 143 Ohio App.3d 171, 175 (7th Dist. 2001).

{¶ 15} The only argument within Shif's Civ.R. 60(B) motion that is not related to the merits — that Shif could not have contested the judgment within three months because they did not receive "the judgment" until March 11, 2025 — misconstrues the "delivery" portion of R.C. 2711.13 and is directly contradicted by the record. First, the docket reveals that all Shif defendants had been mailed the application to confirm the arbitration award after it was filed in December 2024. Second, the emails within the record demonstrate that the parties that listed all the Shif entities and their contracts with Elon, received the emails containing both arbitration awards. Indeed, Shif does not deny that they received the arbitration award or complaint but instead claims that they only received the "judgment" in March 2025. Shif has not offered any further explanation for their failure to oppose the timely filed application to confirm the arbitration award or their failure to file a motion to vacate the arbitration award. These speculative and undeveloped arguments do not meet the standards for relief under Civ.R. 60(B).

**{¶ 16}** Accordingly, we find that the trial court erred in granting Shif's motion to vacate the confirmation of the award.

### III. Conclusion

**{¶ 17}** Because Shif's motion to vacate was filed outside of the statutory time, divesting the court of jurisdiction to vacate the matter, and the Civ.R. 60(B) motion was neither sufficient to attack the merits of the arbitration award nor allege any reasons for Shif's delaying in filing the motion to vacate, Elon's assignment of error is sustained and this matter is remanded to vacate the granting of Shif's combined motion for relief from judgment and enter judgment confirming the arbitration award.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, JUDGE

EILEEN A. GALLAGHER, J., CONCURS;
EILEEN T. GALLAGHER, P.J., DISSENTS (WITH SEPARATE OPINION)

EILEEN T. GALLAGHER, P.J., DISSENTING:

{¶ 18} I respectfully dissent from the majority opinion. In my view, the Shif defendants were not parties to the arbitration agreement, did not participate in the arbitration proceedings, and the arbitration decision does not make a ruling against them. I, therefore, would affirm the trial court's judgment vacating the trial court's judgment confirming the arbitration award against the Shif entities.

{¶ 19} The majority states in paragraph one of the opinion that the arbitration ruling "delineates all the named Shif entities as separate entities who had contracted with Elon and agreed to settle these disputes via arbitration." Indeed, the Shif entities entered into property-management agreements with Elon and those property-management agreements include arbitration provisions. However, North York Capital owns the Shif entities, and the two-page agreement to submit to binding arbitration in this case does not mention any of the Shif entities by name nor does it contain any signatures from members of any of the Shif entities. The agreement to submit to arbitration is signed only by three members of Elon and one member of North York Capital.

{¶ 20} The original arbitration ruling, issued on July 26, 2024, also does not mention the Shif entities. The arbitration panel simply ruled that North York Capital owed Elon $342,485.43. It also ruled that North York Capital was not entitled to any money for its counterclaim against Elon because the arbitration found "insufficient proof of non-conformance to industry standards by Elon."

{¶ 21} In December 2024, four months after the arbitration ruling was issued, Elon requested an addendum to the arbitration award. The arbitration panel issued the requested addendum and marked it as "Addendum A." The addendum states:

> This is in regards to the ruling issued by the Bais Din on July 26, 2024. Point 3 of the ruling states "Mr. Kutner of NYC owes Elon $342,485.43 due immediately. All other claims are rejected." As per documentation during the course of the sessions, below is a breakdown of the aforementioned total.

Thereafter, the addendum lists a breakdown of the $342,485.43 owed by North York Capital to Elon based on documentation related to each of the Shif entities that was presented in the arbitration proceedings. But nothing in either the original arbitration ruling or the addendum states that the Shif entities owe any money to Elon. Nor does either the arbitration agreement or the arbitration ruling state that any of the Shif entities participated in the arbitration proceedings. The addendum clearly states "Mr. Kutner of NYC owes Elon $342,485.43."

{¶ 22} In paragraph five, the majority cites Elon's argument that there was never a contractual agreement between Elon and North York Capital. However, there is a contract between Elon and North York Capital to submit their dispute to binding arbitration dated March 18, 2024. Thus, Elon and North York Capital participated in the arbitration proceedings because they agreed to submit their claims to an arbitration panel, and the arbitration ruling defines the respective rights and liabilities of Elon and North York Capital. The majority assumes without evidence that the Shif entities were involved in the arbitration. However, counsel

for the Shif entities represented that none of the Shif entities participated in the arbitration and that the arbitration decision was never delivered to them because they were not involved in the arbitration proceedings in any fashion. There is no transcript of the arbitration proceedings and there is nothing in the record to establish that the Shif entities were parties to the arbitration proceedings.

{¶ 23} The majority concludes that R.C. Ch. 2711 provides the exclusive authority for vacating an arbitration award. (Majority opinion ¶ 13.) R.C. 2711.13 states, in its entirety:

> After an award in an arbitration proceeding is made, *any party to the arbitration* may file a motion in the court of common pleas for an order vacating, modifying, or correcting the award as prescribed in sections 2711.10 and 2711.11 of the Revised Code.
>
> Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is delivered to the parties in interest, as prescribed by law for service of notice of a motion in an action. For the purposes of the motion, any judge who might make an order to stay the proceedings in an action brought in the same court may make an order, to be served with the notice of motion, staying the proceedings of the adverse party to enforce the award.

(Emphasis added.)

{¶ 24} The Shif entities were not parties to the arbitration. Therefore, I believe R.C. Ch. 2711 is inapplicable here. Furthermore, no one filed a motion to vacate the arbitration award. Elon filed an application to confirm the award, which the trial court granted on February 11, 2025. Approximately one month later, on March 13, 2025, Shif filed a motion for relief from the trial court's judgment confirming the arbitration award. Shif did not ask the court to vacate the arbitration

panel's ruling; it sought relief from the trial court's judgment confirming the award because it was erroneously entered against them even though they were not parties to the arbitration. The court vacated its own judgment; it did not vacate the arbitration award. Indeed, Shif sought relief from judgment pursuant to Civ.R. 60(B), not R.C. Ch. 2711.

{¶ 25} Shif had no reason to seek relief from the arbitration award because the arbitration award was against North York Capital, not the Shif entities. Indeed, they would not have had standing to seek relief from the arbitration award since they were not named as parties to the arbitration award and they were not bound by it. They were named solely for purposes of breaking down the damages that North York Capital owed to Elon. Therefore, I would find that the Shif entities had a meritorious defense under Civ.R. 60(B). And because they filed their motion for relief from judgment one month after the trial court confirmed the arbitration, I would also find that their motion was timely filed. Accordingly, I would affirm the trial court's judgment vacating the confirmation of the arbitration award.